The STATE of Ohio, Appellee,

v.

SORRELS, Appellant.

[Cite as *State v. Sorrels* (1991), 71 Ohio App.3d 162.]

Court of Appeals of Ohio,
Hamilton County.

No. C–900115.

Decided Feb. 20, 1991.

*Arthur M. Ney, Jr.,* Prosecuting Attorney, and *L. Susan Laker,* for appellee.

*Bauer, Morelli & Heyd Co., L.P.A., Arnold Morelli* and *John M. Isidor,* for appellant.

---

*Per Curiam.*

The defendant-appellant, Steven Sorrels, appeals from the trial court's order convicting him of assault, in violation of R.C. 2903.13, following a bench trial. The defendant contends that the trial court committed the following errors: (1) admitted into evidence documents which were hearsay; (2) overruled his motion for a new trial when the judgment was against the manifest weight of the evidence; and (3) shifted the burden from the state to the defendant to prove the defense of alibi. We find that the defendant's first and third assignments of error are well taken.

On March 7, 1989, Kendra Hendrix, the defendant's ex-girlfriend, and her friend, Catherine Sellers, were shopping at the Kenwood Towne Center. According to Hendrix, between 8:00 and 8:30 p.m., the defendant, while in the company of three other men, confronted her inside the mall. She claimed that he verbally began to threaten her because she had terminated their two-and-one-half-year dating relationship. Hendrix testified that the defendant followed Sellers and her to their cars parked outside the mall. She charged that he then struck her with his fist, knocking her to the ground. The state introduced photographs showing that Hendrix suffered swelling of the face and a black eye. The defendant, a university student, filed a notice of alibi and testified during the trial that, at the time of the alleged attack, he was attending a fraternity meeting in Clifton, which is about twenty minutes from the mall by car. Four witnesses who were purportedly present at the fraternity meeting testified and corroborated the defendant's alibi. Upon conclusion of the evidence and arguments of counsel, the trial court entered a finding of guilty as charged and imposed a suspended thirty-day sentence of confinement, a $150 fine, and a one-year term of probation with the condition that the defendant complete the "AMEND" program.

■ In his first assignment of error, the defendant maintains that the admission of hearsay evidence by the trial court deprived him of a fair trial. Specifically, the state introduced unsigned and unidentified notes, purportedly left on Hendrix's car windshield over a period of time after the alleged assault. Written on single sheets of notebook paper were the following messages: "Prepare to Die" (April 18); "I Want You" (April 24); "I Need You" (April 28); "You're Going to Die" (undated); "She's Mine Now Jeff" (undated); "I Owne [*sic*] Her Jeff—She Belongs to Me" (May 8); "Do You Enjoy Pain? I Know You Do—Gess [*sic*] Who??" (May 9).

 We agree with the defendant that his objection to these exhibits should have been sustained by the trial court. These notes were nothing more than extrajudicial statements offered by the state to prove the truth of the matter asserted, *viz.*, that the defendant was a threat to Hendrix. Consequently, they were hearsay as defined by Evid.R. 801, and they do not conceivably fall within an exception under Evid.R. 803 and 804. See *State v. Maurer* (1984), 15 Ohio St.3d 239, 262, 15 OBR 379, 399, 473 N.E.2d 768, 789–90. Since Evid.R. 802 specifically provides that "hearsay is not admissible," the trial court's decision to admit hearsay is not governed by the test of abuse of discretion, which the Supreme Court applies to instances where the trial court's evidentiary rulings relate to matters expressly or implicitly within its discretion, as in rulings on relevancy (Evid.R. 402 and 403) or expert testimony (Evid.R. 702). *Bostic v. Connor* (1988), 37 Ohio St.3d 144, 524 N.E.2d 881; *State v. Sage* (1987), 31 Ohio St.3d 173, 31 OBR 375, 510 N.E.2d 343. Instead, errors relating to the trial court's admission of hearsay must be reviewed in light of Evid.R. 103(A) and the standard established in Crim.R. 52(A), providing that such errors are harmless unless the record demonstrates that the errors affected a party's substantial right. See Staff Note to Evid.R. 103(A). In *State v. Kidder* (1987), 32 Ohio St.3d 279, 284, 513 N.E.2d 311, 317, where the trial court erroneously admitted hearsay statements of a deputy sheriff during an audio-taped custodial conversation with the accused, the Ohio Supreme Court employed the following standard of review:

"In the final analysis, the evidence in favor of conviction, absent the hearsay, must be so overwhelming that the admission of those statements was harmless beyond a reasonable doubt."

Even when the error is not of constitutional dimension, the Ohio Supreme Court has steadfastly adhered to the reasonable-doubt rule of *Chapman v. California* (1967), 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705. Therefore, in determining that an error in the admission of evidence is harmless, the reviewing court must find that there is no reasonable possibility that the evidence may have contributed to the defendant's conviction. See *State v. Bayless* (1976), 48 Ohio St.2d 73, 106, 2 O.O.3d 249, 267, 357 N.E.2d 1035, 1056. If the trier of fact, whether it be a jury or a trial judge, expressly relies upon hearsay statements in determining guilt, the admission of the hearsay is prejudicial. *Moore v. United States* (1976), 429 U.S. 20, 97 S.Ct. 29, 50 L.Ed.2d 25.

 In the case *sub judice*, the record fails to demonstrate that the trial court actually relied upon the hearsay statements in its finding of guilt. Therefore, it is incumbent upon us to determine whether the erroneous admission of the exhibits was harmless beyond a reasonable doubt.

 The issue is necessarily intertwined with defendant's claim that the judgment was against the manifest weight of the evidence, an issue raised in his second assignment of error. In reviewing a claim of manifest weight of the evidence, an appellate court reviews the entire record to determine if the trier of fact clearly lost its way in resolving conflicts in the evidence and created such a miscarriage of justice that the conviction must be reversed and a new trial ordered. *Tibbs v. Florida* (1982), 457 U.S. 31, 102 S.Ct. 2211, 72 L.Ed.2d 652. This standard assumes that an appellate court will consider whether the evidence is reasonably credible or fundamentally incredible, contradicted or uncontradicted, reliable or unreliable, certain or uncertain, and whether the testimony was effectively impeached. *State v. Mattison* (1985), 23 Ohio App.3d 10, 23 OBR 43, 490 N.E.2d 926. However, the reviewing court should exercise its power to reverse on the weight of the evidence only in exceptional cases because the weight of the evidence and the credibility of witnesses are primarily for the trier of fact, and an appellate court should not substitute its judgment. *State v. DeHass* (1967), 10 Ohio St.2d 230, 39 O.O.2d 366, 227 N.E.2d 212; *State v. Woods* (1985), 25 Ohio App.3d 35, 25 OBR 108, 495 N.E.2d 465.

Although we cannot conclude from the record that the trial court actually lost its way in finding the defendant guilty, neither can we conclude, in view of the conflicting evidence, that the admission of the hearsay was harmless beyond a reasonable doubt. The admission of the notes left on Hendrix's car, as the defendant correctly argues, unfairly portrayed him as an unbalanced person and as a threat to Hendrix. Therefore, we cannot say that there is no reasonable possibility that the evidence contributed to the defendant's conviction. For the foregoing reasons, we sustain defendant's first assignment of error, and we overrule his second assignment of error.

In his third assignment of error, the defendant challenges the standard of proof used by the trial court in finding him guilty. The defendant's principal argument is that the trial court found him guilty based on the possibility that he could have committed the act he is accused of rather than finding him guilty beyond a reasonable doubt pursuant to R.C. 2901.05(D). However, he also argues that the trial court erroneously shifted the burden of persuasion to him for his defense of alibi, and we find this argument to be more persuasive.

In announcing its finding of guilt, the trial court said:

"Whether the defendant did it or not—he's got alibi witnesses who have established different times. It is possible for him to have been there and the finding is guilty."

Alone, this language may not be sufficient to establish more than harmless error, particularly in light of the rule that a reviewing court must presume that the trial court correctly applied the law. *State v. Coombs* (1985), 18 Ohio St.3d 123, 18 OBR 153, 480 N.E.2d 414. However, when the defendant argued the same issue during the hearing on his motion for a new trial, the trial court observed:

"I'm going to state for the record that I heard your presentation of the inconsistencies and discrepancies, but it does not include all the other testimony that was heard by the Court, every other witness' testimony.

"I still recall that the single thing that occurred to this Court was that the alibi was not an ironclad alibi.

"As you know, an alibi is only good if it's an ironclad one * * *."

■■■ The difficulty with this statement by the trial court is that alibi is not an affirmative defense and, as a result, the burden of persuasion is not on the defendant, but remains with the state. *State v. Robinson* (1976), 47 Ohio St.2d 103, 108, 1 O.O.3d 61, 64, 351 N.E.2d 88, 92; *State v. Poole* (1973), 33 Ohio St.2d 18, 62 O.O.2d 340, 294 N.E.2d 888. Alibi is an acquitting factor in a given case, but it is not the sole acquitting factor. Accordingly, any doubt arising from the defendant's alibi goes to the weakness of the state's case. If the doubt created either by the alibi, or by the weakness of the state's case, or by both, rises to the level of reasonable doubt as to the defendant's guilt, an acquittal is required. *State v. Childs* (1968), 14 Ohio St.2d 56, 64, 43 O.O.2d 119, 124, 236 N.E.2d 545, 550. When a trial court incorrectly places the burden of proof for the defense of alibi on the defendant, we have held that it is plain error. *State v. Walker* (1981), 2 Ohio App.3d 483, 2 OBR 610, 442 N.E.2d 1319.

■■ The trial court's perception that an alibi must be "ironclad" unequivocally demonstrates that it shifted the burden of persuasion to the defendant. The Oxford English Dictionary (2 Ed.1989) defines "ironclad" (not a legal term) as "so framed as to be incapable of being evaded * * *." The trial court therefore erroneously assumed that the defendant must prove his alibi by undisputed evidence beyond a reasonable doubt.

The third assignment of error is, therefore, sustained. For the foregoing reasons the judgment of the trial court is reversed and the case is remanded for a new trial.

*Judgment reversed*
*and cause remanded.*

SHANNON, P.J., DOAN and GORMAN, JJ., concur.