[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Appellant Floyd Abdul appeals his conviction for theft by deception in violation of R.C. 2913.02. He raises three assignments of error. In his first assignment, Abdul challenges the trial court's admission of what he contends was hearsay. In his second and third assignments he challenges the sufficiency and the weight of the evidence supporting his conviction.
According to the state, Abdul purchased an ALPS MD-500 model inkjet printer for $595.99 from an H.H. Gregg store with the credit card of Godfrey Abdul, his uncle. Abdul made the purchase because he was informed that he if spent over $500 he could receive a discount on a mini-disk player. Approximately an hour later, Abdul went to another H.H. Gregg store where, he claimed, he returned the ALPS MD-500 printer he had just purchased and bought a less expensive printer. This resulted in his uncle receiving a credit for the difference in the price between the two printers. (The same day, Abdul returned the cheaper printer to yet another H.H. Gregg store for credit. Ultimately the only items he kept were the discounted disk player and a cable.)
In the box returned to the second store was an old Canon printer, not the $595.99 ALPS MD-500 printer. While the box had been opened at the top, its bottom had also been opened and resealed. The switch was discovered by Mark Ford, H.H. Gregg's inventory-control manager, within seven days of the return. He ultimately discovered that the original, missing printer had been purchased with Abdul's uncle's credit card. He also testified that the controlled area where returned items, including the printer, were kept was accessible only to managers and warehouse associates.
Based on the name from the credit card and other information from Ford, Hamilton County Detective Minnich contacted Abdul's uncle. Minnich visited the uncle's home, where he noted an icon for the ALPS MD-5000 printer on the computer screen, although no printer was connected to the computer. He also noted that a Hewlett-Packard printer was sitting on a shelf in a space that indicated, by a pattern of dust, that a larger printer previously had been sitting. He also found an instruction manual for an ALPS MD-5000 printer in the desk of the room containing the uncle's computer.
A week later, Minnich spoke with Abdul, and Abdul stated that he had used his uncle's credit card to purchase a mini-disc player for his uncle. When a store clerk told him that he could get a discount on the player if he purchased any item over $500, he purchased the printer in question. He kept it in his car until he exchanged it for the cheaper model that same day. He denied switching printers in the box. Abdul stated that he had purchased and returned the printer so he could get a discount on the mini-disc player without spending $500. His actions were an attempt to avoid suspicion. Abdul's testimony at trial confirmed this version of the facts.
A Cincinnati police officer, David Ausdenmoore, a specialist in computer forensic evidence, testified that he had examined a computer system belonging to a gentleman named Abdul and determined that sometime between April and November of 1999 an ALPS MD-5000 model printer had been installed in the system.
In Abdul's first assignment, he contends that the trial court erred by allowing Mark Ford to testify that Canon representatives had told him that the printer in the returned box was registered to Godfrey Abdul. The trial court concluded that the statement was not hearsay and allowed it for the purpose of establishing a context for the investigation that resulted in the charge against Abdul.
We do not review this assignment under the abuse-of-discretion standard, as Evid.R. 802 specifically states that hearsay is inadmissible. Because hearsay does not "relate to matters expressly or implicitly within [the trial court's] discretion," we must determine whether the trial court erroneously admitted hearsay and, if so, whether the admission was harmless.[1] The admission of hearsay "violates the Confrontation Clause of the United States Constitution unless it comes within a firmly rooted exception or contains other indicia of reliability. * * * In order to find constitutional error harmless, this court must find beyond a reasonable doubt that the error did not contribute to the verdict."[2]
In this bench trial, the trial court allowed the testimony by the inventory-control manager for "purposes of his investigation," and not for the truth that Abdul's uncle owned the Canon printer. While there are times in which out-of-court statements are admitted to explain a witness's conduct or to explain the reasons for a police investigation,[3] that clearly did not apply here. Thus, the admission of the statement that the Canon printer was registered to Abdul's uncle was erroneous.
We must now determine whether the admission was harmless. The remaining evidence demonstrated that Abdul used his uncle's credit card to purchase an ALPS MD-5000 printer. After Abdul returned the ALPS MD-5000 printer box, it was found to contain a different printer. It appeared as if that printer had been placed in the box from the bottom, and that the box had been resealed. Abdul's uncle had an ALPS MD-5000 printer connected to his computer system during the pertinent time, although the uncle denied ever having the printer. The handbook for an ALPS MD-5000 printer was found at the uncle's house.
Because the remaining evidence was convincing, we conclude that the inadmissible hearsay did not contribute to Abdul's conviction. Thus, we overrule Abdul's first assignment.
In his second assignment, Abdul challenges the trial court's denial of his Crim.R. 29 motion for acquittal. We find no error in the trial court's ruling because the evidence was such, when construed in a light most favorable to the state, that reasonable minds could reach different conclusions as to whether each element of the charged offenses had been proved beyond a reasonable doubt.[4] In such a case, a Crim.R. 29 motion should not be granted. Thus, we overrule Abdul's second assignment.
Abdul's third assignment challenges the weight of the evidence. In evaluating a challenge to the weight of the evidence, this court must review the entire record, weigh the testimony and all reasonable inferences, consider the credibility of the witnesses and determine whether the trier of fact clearly lost its way in resolving conflicts in the evidence and created a manifest miscarriage of justice, entitling the defendant to a new trial.[5] A trier of fact is free to believe all, part, or none of a witness's testimony.[6] Our review of the record fails to convince us that the trier of fact in this case lost its way and created a manifest miscarriage of justice. Thus, we overrule Abdul's third assignment.
Therefore, the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Hildebrandt, P. J., Painter and Shannon, JJ.
Raymond E. Shannon, retired, of the First Appellate District, sitting by assignment.
[1] See State v. Sorrels (1991), 71 Ohio App.3d 162, 165, 593 N.E.2d 313,314-315.
[2] See State v. Johnson (1994), 71 Ohio St.3d 332, 339, 643 N.E.2d 1098,1105; State v. Sorrels at 165, 593 N.E.2d at 315.
[3] See State v. Turner (June 16, 2000), Hamilton App. No. C-990388, unreported.
[4] See State v. Bridgeman (1978), 55 Ohio St.2d 261, 381 N.E.2d 184, syllabus.
[5] See State v. Martin (1983), 20 Ohio App.3d 172, 175, 485 N.E.2d 717,720.
[6] See State v. Antill (1964), 176 Ohio St. 61, 197 N.E.2d 548.