OPINION
{¶ 1} Defendant-appellant, Gerald N. Baker, appeals from a judgment of the Franklin County Court of Common Pleas finding him guilty of one count of possession of cocaine. Defendant assigns a single error:
 {¶ 2} "The trial court erred when it entered a judgment of conviction against the appellant when the evidence was insufficient to sustain the conviction and the conviction was against the manifest weight of the evidence presented on the issue of whether or not the defendant `knowingly possessed' a controlled substance."
 {¶ 3} Because the trial court's judgment is supported by sufficient evidence and is not against the manifest weight of the evidence, we affirm.
 {¶ 4} According to the state's evidence, on August 9, 2000, Officer Christopher Odom of the Columbus Police Department was on patrol in a police wagon with his partner, Officer Gerald Sullivan. Odom observed defendant standing on the sidewalk in front of a house police previously had raided; other persons also were outside the house. Apparently after defendant observed the police wagon, defendant spat on the sidewalk in violation of law. See, generally, Columbus City Code2329.04 (spitting on sidewalk is a minor misdemeanor offense).
 {¶ 5} After Sullivan parked the police wagon, Odom approached defendant and asked defendant for proof of identification. Defendant informed Odom he did not have proof of identification and his name was Lewis Bell. Odom performed a warrant check, but no outstanding warrants were found. The police officers did not cite defendant for spitting on the sidewalk and released defendant. Defendant, along with others, entered a blue car, and the car was driven away.
 {¶ 6} Shortly afterward, Odom, who had grown up in the area and knew of defendant when defendant was younger, recalled defendant's last name was Baker, not Bell. When Odom realized defendant had given false information, Sullivan turned the police wagon around to look for the car in which defendant had been driven away.
 {¶ 7} After locating the blue car, Odom and Sullivan followed the car so they could question defendant about the false information he gave them. Odom and Sullivan stopped the blue car after they observed the driver of the vehicle commit traffic violations, including failing to use a turn signal when making a turn. Sullivan approached the driver's side of the vehicle, and Odom, the passenger's side. Unable to see in the vehicle because the windows were closed and darkly tinted, Odom tapped on the vehicle's window. The passenger sitting on the rear passenger side of the vehicle, later identified as defendant's brother, lowered the window. Odom then was able to observe the vehicle's four occupants, including defendant who was seated in the rear seat behind the vehicle's driver.
 {¶ 8} Odom scanned the interior of the vehicle to look for weapons or any furtive gestures. Odom observed that defendant's brother's feet were moving in a nervous fashion as if to cover or hide something. Odom then observed a cigar box near the feet of defendant's brother. An area of the cigar box was cut out and covered by plastic cellophane to form a window. Odom observed what appeared to be a bag of crack cocaine in plain view in the cigar box. Odom immediately ordered defendant's brother to exit the vehicle, handcuffed defendant's brother, confiscated the cigar box and escorted defendant's brother to the police wagon. Odom then re-approached the blue car and assisted his partner who had remained at the car.
 {¶ 9} Odom and Sullivan ordered defendant to exit the car. As defendant exited, a plastic baggie with a single rock of crack cocaine fell to the ground from defendant's waist area. Odom took defendant into custody and escorted him to the police wagon, while his partner remained at the car. After Odom returned to the vehicle, the police officers ordered the remaining occupants to exit the vehicle. Sullivan's search of the interior of the vehicle revealed a loaded revolver under the front passenger seat, near the location where the cigar box was discovered. After issuing a warning to the vehicle's driver, the police officers allowed the driver and the front seat passenger to leave. Prior to releasing them, neither Odom nor Sullivan searched them for weapons or contraband, nor did Odom or Sullivan test the cigar box or the recovered revolver for fingerprints.
 {¶ 10} In contrast to the state's evidence, Naomi Box, the driver of the blue car and a witness on behalf of defendant's brother, testified she was present but did not see defendant spit on the sidewalk. Moreover, according to Box, no police officer exited the police wagon to question defendant about the spitting incident. Instead, defendant went to the police wagon to allow the police officers to question him.
 {¶ 11} Box further testified that prior to the traffic stop she was aware police were following her and she did not fail to use a turn signal as the police officers claimed. On cross-examination, however, Box admitted the windows of the car were tinted in apparent violation of law, and she possessed marijuana at the time of the traffic stop.
 {¶ 12} According to Box, Odom, not Sullivan, approached her after she stopped the vehicle. She testified that after requesting to view her driver's license, Odom ordered defendant to step out of the car, opened the car door, removed defendant from the car, pushed defendant against the car and then reached for her driver's license. According to Box, neither Odom nor Sullivan informed her of the reason for the traffic stop. Box further testified she had no recollection of any officer searching for or picking up items from the back seat on the passenger side of the car. Additionally, in contrast to police testimony, Box claimed police officers searched her purse and Sullivan conducted a pat down search of her. Although the police officers released her and the front seat passenger following the traffic stop, she testified the police officers held the car, causing Box and the other occupant to leave the scene on foot.
 {¶ 13} By indictment filed October 18, 2001, defendant was charged with one count of possession of cocaine in violation of former R.C. 2925.11
("R.C. 2925.11"). By the same indictment, defendant's brother was charged with possession of cocaine, carrying a concealed weapon and having a weapon while under disability. A jury trial was held in which defendant and his brother were co-defendants. The jury found defendant guilty of cocaine possession. The trial court sentenced defendant to 10 months of incarceration and a four-year driver's rights suspension without work privileges.
 {¶ 14} Although defendant assigns a single error, within his single assignment of error are two issues: (1) whether sufficient evidence supports a judgment that defendant knowingly possessed a controlled substance, and (2) whether the judgment that defendant knowingly possessed a controlled substance is against the manifest weight of the evidence.
 {¶ 15} To the extent defendant challenges his conviction as not supported by sufficient evidence, we construe the evidence in favor of the prosecution and determine whether such evidence permits any rational trier of fact to find the essential elements of the offense beyond a reasonable doubt. State v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus; State v. Conley (Dec. 16, 1993), Franklin App. No. 93AP-387.
 {¶ 16} R.C. 2925.11(A) provides that "[n]o person shall knowingly obtain, possess, or use a controlled substance[.]" Under R.C. 2925.01(K), " `[p]ossess' or `possession' means having control over a thing or substance, but may not be inferred solely from mere access to the thing or substance through ownership or occupation of the premises upon which the thing or substance is found." See, also, R.C. 2901.22(B) (defining culpable mental state of knowingly).
 {¶ 17} Relying on this court's opinion in State v. Chandler (Aug. 9, 1994), Franklin App. No. 94APA02-172, defendant argues the evidence in this case does not prove beyond a reasonable doubt defendant knew about the baggie of cocaine that fell from his waist area when he stepped out of the car. Defendant's reliance on Chandler is misplaced.
 {¶ 18} In Chandler, police observed Vernon Chandler, along with three other men, standing in a field with bent knees and waists, approximately an arm's length away from crack cocaine. Police also found a homemade crack pipe containing a substance resembling crack approximately 18 to 20 inches from where the crack cocaine was found. Police arrested Chandler and the other men and charged them with drug abuse. Chandler was later convicted of one count of attempted drug abuse.
 {¶ 19} In Chandler, this court observed that "[p]ossession may be actual or constructive. * * * Since no drugs were found on defendant's person, the state had to prove that he constructively possessed the contraband. * * * However, if the evidence demonstrates that defendant was able to exercise dominion or control over the object, even though that object may not be within his immediate physical possession, defendant can be convicted of possession. * * * Furthermore, circumstantial evidence is sufficient to support the element of constructive possession. * * * The courts of this state have long held that the mere presence of a person in the vicinity of contraband is insufficient to support the element of possession." (Citations omitted.)
 {¶ 20} In Chandler, this court reversed the trial court because the record revealed "no evidence linking defendant to the drugs other than occupation of the land on which the drugs were found. Since R.C.2925.01(L) precludes an inference of control solely from occupation or ownership of the premises (in this case, an open field) where a substance is found * * * we must conclude that the evidence presented in this case was not sufficient to convince the average mind of the defendant's guilt beyond a reasonable doubt, since such inference is precluded by R.C.2925.01(L)." (Citation omitted.)
 {¶ 21} Chandler is factually distinguishable from this case. Although Chandler was standing in the vicinity where crack cocaine was found, no evidence established Chandler was anything more than an observer of activity; Chandler's conviction was based on his occupation of the land on which the drugs were found and the proximity of the recovered contraband. In this case, there is evidence directly linking defendant to the recovered cocaine because the baggie of cocaine was observed falling from defendant's person. Here, the baggie of cocaine falling from defendant's waist area supports a reasonable inference that defendant had control over the baggie of cocaine prior to the baggie's fall to the ground, thereby establishing defendant's actual possession.
 {¶ 22} Defendant nonetheless contends that, even disregarding Chandler, the evidence construed in the state's favor does not demonstrate defendant "knowingly" possessed the cocaine. Under R.C.2901.22(B) "[a] person acts knowingly, regardless of his purpose, when he is aware that his conduct will probably cause a certain result or will probably be of a certain nature. A person has knowledge of circumstances when he is aware that such circumstances probably exist." " `Knowingly' does not require the offender to have the specific intent to cause a certain result. That is the definition of `purposely.' Instead, whether a person acts knowingly can only be determined, absent a defendant's admission, from all the surrounding facts and circumstances, including the doing of the act itself." State v. Huff (2001), 145 Ohio App.3d 555,563. (Footnote omitted.) Thus, "[t]he test for whether a defendant acted knowingly is a subjective one, but it is decided on objective criteria." State v. McDaniel (May 1, 1998), Montgomery App. No. 16221, appeal not allowed, 83 Ohio St.3d 1435, citing State v. Elliott (1995),104 Ohio App.3d 812, dismissed, jurisdictional motion overruled,74 Ohio St.3d 1456.
 {¶ 23} Absent an admission by defendant, the surrounding facts and circumstances, including defendant's action, determine whether defendant knowingly possessed cocaine. Here, according to the state's evidence, Odom was certain he observed the baggie of cocaine fall from defendant's waist area. On recross-examination, Sullivan testified he heard Odom, who pulled defendant backward from the car, exclaim that a baggie had fallen to the ground from defendant's pocket. Sullivan also testified on redirect examination that he did not observe anything on the ground outside the car prior to defendant's exiting the car. The evidence construed in the prosecution's favor allows a reasonable inference that defendant had control of the baggie, he placed the baggie in his waistband or in his pocket, the baggie fell when defendant exited the car, and defendant thus knowingly possessed the baggie of cocaine. Accordingly, sufficient evidence supports defendant's conviction.
 {¶ 24} Defendant also contends his conviction is against the manifest weight of the evidence. When presented with a manifest weight argument, we engage in a limited weighing of the evidence to determine whether the factfinder's verdict is supported by sufficient competent, credible evidence to permit reasonable minds to find guilt beyond a reasonable doubt. State v. Thompkins (1997), 78 Ohio St.3d 380, 387, reconsideration denied, 79 Ohio St.3d 1451 ("[w]hen a court of appeals reverses a judgment of a trial court on the basis that the verdict is against the weight of the evidence, the appellate court sits as a `thirteenth juror' and disagrees with the factfinder's resolution of the conflicting testimony"). Conley, supra. See, also, State v. Sorrels (1991), 71 Ohio App.3d 162, 166. Determinations of credibility and weight of the testimony remain within the province of the trier of fact. State v. DeHass (1967), 10 Ohio St.2d 230, paragraph one of the syllabus.
 {¶ 25} As defendant properly notes, the evidence reflects a discrepancy between Sullivan's direct testimony that he observed the baggie of cocaine fall from defendant, and Sullivan's subsequent testimony that he did not actually observe the baggie fall from defendant. Any credibility problems Sullivan's testimony created were properly for the jury to resolve. Moreover, to the extent defendant contends Sullivan's equivocation eliminates the prosecution's evidence concerning the baggie, Odom testified he observed a baggie of cocaine fall from defendant. As a result, we cannot conclude the jury clearly lost its way in resolving evidentiary conflicts and created such a miscarriage of justice that the conviction must be reversed and a new trial ordered.
 {¶ 26} Although the baggie of cocaine was observed to fall from defendant's waist area, defendant questions whether a jury could conclude beyond a reasonable doubt he knowingly possessed the baggie of cocaine, as required by R.C. 2925.11(A). Defendant argues he could not have knowingly possessed the baggie of cocaine because discarding the baggie as he did is nonsensical, especially when he had ample opportunity to separate himself from the baggie of cocaine prior to exiting the car. Therefore, defendant argues, rather than knowingly possessing the baggie of cocaine, he unknowingly could have sat on the baggie or knocked it out of the vehicle when he exited the car. Defendant further speculates that, in an attempt to rid himself of the baggie of cocaine, the front seat passenger may have thrown it into the rear seat, with the baggie of cocaine landing on defendant's lap or clothing. According to defendant, a jury could not reasonably conclude defendant knowingly possessed the crack cocaine that fell from his waist area.
 {¶ 27} The evidence, however, does not support defendant's contention that the baggie of cocaine unwittingly landed on defendant after another discarded it. On cross-examination, Naomi Box testified she did not throw a gun or drugs into the back seat, nor did she see the front seat passenger, whom she was able to observe the entire time, throw any guns or drugs into the back seat. Defendant's contention that the trial court's judgment is against the manifest weight of the evidence is not persuasive.
 {¶ 28} Given the foregoing, we overrule defendant's single assignment of error, and affirm the judgment of the trial court.
Judgment affirmed.
LAZARUS and KLATT, JJ., concur.