[Cite as *State v. Walton*, 2011-Ohio-5662.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No. 96133

---

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## NICHOLAS WALTON

DEFENDANT-APPELLANT

---

## JUDGMENT:
## AFFIRMED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-534462

**BEFORE:** Jones, P.J., Cooney, J., and E. Gallagher, J.

**RELEASED AND JOURNALIZED:** November 3, 2011

**ATTORNEY FOR APPELLANT**

John F. Corrigan
19885 Detroit Road, #335
Rocky River, Ohio 44116


**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor

BY: Vincent I. Pacetti
Assistant Prosecuting Attorney
The Justice Center, 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113


LARRY A. JONES, P.J.:

{¶ 1}   Defendant-appellant, Nicholas Walton, appeals his aggravated robbery conviction.   We affirm.

I

{¶ 2}   In 2009, Walton was charged with aggravated robbery and kidnapping with one- and three-year firearm specifications.   The charges stemmed from the May 15, 2009 robbery of Becker's Donuts in Cleveland.

{¶ 3} Walton waived his right to a jury trial, and the case proceeded to a bench trial. At the close of the state's case, Walton made a Crim.R. 29 motion for acquittal, which was denied. Walton testified and at the conclusion of his testimony, renewed his Crim.R. 29 motion; the motion was again denied. The court found Walton guilty of both counts and the firearm specifications, but merged the aggravated robbery and kidnapping charges as allied offenses. The state elected to proceed to sentencing on the aggravated robbery charge. The trial court sentenced Walton to a nine-year prison term.

{¶ 4} Walton raises the following assignments of error for our review:

{¶ 5} "I. The trial court erred in shifting the burden of persuasion to appellant to prove alibi.

{¶ 6} "II. Appellant's conviction for robbery was against the manifest weight of the evidence."

## II

{¶ 7} The state presented the testimony of Janice Schebek, who was the sole employee working at the donut shop at the time of the robbery. Schebek testified that on the day of the robbery, Walton came into the shop for donuts, but the shop was sold out. He asked if there were any cookies; there were not. Schebek told him that there would not be any baked goods until the next morning. Walton left the shop.

{¶ 8} Approximately ten minutes later, Walton returned to the shop, brandished a gun, and demanded the money from the cash register. Walton jumped over the counter and took the money out of the register himself. He had the gun in his hand throughout the robbery. Walton and Schebek were the only two people in the shop during the

incident.

**{¶ 9}** According to Schebek, Walton had been in the shop before the day of the incident. At one point, Schebek testified that she believed Walton had been there a "week or so earlier." Later in Schebek's testimony, however, she clarified that she was "not exactly sure how long" ago Walton had been in the shop, but she had previously seen him there.

**{¶ 10}** After the robbery, Schebek saw Walton run across the street where another man was "standing on the corner." When the police arrived on the scene, Schebek provided a physical description of the robber and his attire. Schebek later identified Walton from a photo array. She also identified him in court as the robber. She testified that she was "100 percent sure" that Walton was the perpetrator. The robbery was captured on the shop's security camera.

**{¶ 11}** Detective Michael Kitchen of the Cleveland Police Department investigated the case. He obtained the recording of the robbery and released it to the media with the hope that somebody would come forward with information on the perpetrator. After the recording aired on the news, two people identified Walton as the robber.

**{¶ 12}** Detective Kitchen attempted to find more information on Walton and a "connection" to the shop's neighborhood, but hit a "dead end." The detective testified that Walton's last known addresses were for residences in Columbus, Ohio and Euclid, Ohio. In July 2009, he composed a photo array that included Walton's photo and presented it to Schebek, who "immediately" identified Walton as the perpetrator.

{¶ 13} Evidence presented at trial demonstrated that Walton had been released from juvenile detention on May 12, 2009.

{¶ 14} Walton testified that when he was released from detention on May 12, he had no place to go; he did not know where his mother resided, and he had previously been in the custody of Youth Services. So he spent that night on the "borderline of Euclid and Cleveland," and arranged for a friend from Columbus to come to Cleveland the next morning (May 13) to get him. The friend picked him up as arranged, and they drove back to Columbus that day where he stayed until the end of June. Walton denied ever going to the donut shop or committing the robbery.

{¶ 15} Walton further testified that he had several tattoos. He had one on each hand and another on the right side of his neck.

III

{¶ 16} For his first assigned error, Walton contends that the trial court shifted the burden of persuasion to him to prove his alleged alibi. Specifically, Walton relies on the following comment made by the trial court in announcing its decision: "And given the circumstances here and the certainty of Miss [Schebek's] testimony, I think that the Defendant has failed to overcome the strength of her identification."

{¶ 17} An alibi is not an affirmative defense, therefore, the burden of persuasion is not on the defendant, but remains with the state. *State v. Robinson* (1976), 47 Ohio St.2d 103, 108, 351 N.E.2d 88. An alibi is an acquitting factor in a case, but it is not the sole acquitting factor. *State v. Sorrels* (1991), 71 Ohio App.3d 162, 167, 593 N.E.2d

313. Therefore, any doubt arising from a defendant's alibi goes to the weakness of the state's case. Id. If the doubt created either by the alibi, or the weakness of the state's case, or both, rises to the level of reasonable doubt as to a defendant's guilt, an acquittal is required. Id., citing *State v. Childs* (1968), 14 Ohio St.2d 56, 64, 236 N.E.2d 545.

{¶ 18} When the statement Walton complains about is read in toto with the trial court's comments, we find that the court held the state to its burden of proof and did not improperly shift the burden to Walton. Specifically, the court stated that the "standard of proof is beyond a reasonable doubt." The court noted that there "are some questions that remain[,]" but what it had to determine was "whether they amount to residual doubt or reasonable doubt." "And based upon the totality of the evidence, I will find the Defendant guilty as charged * * *."

{¶ 19} The trial court, as the trier of fact here, was free to believe the testimony offered by the state and reject that of the defense. *State v. Cotton* (Dec. 6, 1996), Montgomery App. No. 15115; *State v. Antill* (1964), 176 Ohio St. 61, 67, 197 N.E.2d 548. "[A]libi testimony is weighed along with all of the other evidence offered." *In the Matter of K.E.J.*, Sandusky App. No. S-08-026, 2009-Ohio-1818, ¶27.

{¶ 20} Further, this was a bench, not jury, trial. In a bench trial the trial court is presumed to know the applicable law and apply it accordingly. *E. Cleveland v. Odetellah* (1993), 91 Ohio App.3d 787, 794, 633 N.E.2d 1159; *State v. Waters*, Cuyahoga App. No. 87431, 2006-Ohio-4895.

{¶ 21} In light of the above, the first assignment of error is overruled.

IV

{¶ 22} For his second assigned error, Walton contends that the aggravated robbery conviction was against the manifest weight of the evidence. We disagree.

{¶ 23} In reviewing a claim challenging the manifest weight of the evidence, the question to be answered is whether "there is substantial evidence upon which a jury could reasonably conclude that all the elements have been proved beyond a reasonable doubt. In conducting this review, we must examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses, and determine whether the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." (Internal citations and quotations omitted.) *State v. Leonard*, 104 Ohio St.3d 54, 2004-Ohio-6235, 818 N.E.2d 229, ¶81.

{¶ 24} Walton contends that the conviction was against the manifest weight of the evidence because Schebek failed to notice his tattoos, thereby suggesting that her identification of him was unreliable. We do not find the failure to notice the tattoos unusual in this circumstance where Schebek made her observations while under considerable stress. Further, Schebek never wavered about her identification of Walton. She "immediately" identified Walton as the perpetrator from the photo array, she identified him in court, and testified that she was "100 percent sure" that Walton was the perpetrator. Moreover, two people provided tips that Walton was the robber. The mere fact that Schebek did not notice his tattoos did not render her identification inaccurate or unreliable such that we would conclude that the court "clearly lost its way

and created a manifest miscarriage of justice that the conviction must be reversed" under *Leonard*.

{¶ 25} We are also not persuaded by Walton's contention that his conviction was against the manifest weight of the evidence because "[a]n energetic detective failed to link [him] to the neighborhood[,]" and there was no fingerprint evidence. Neither of these circumstances are so incredible such that the conviction created a manifest miscarriage of justice.

{¶ 26} In light of the above, the second assignment of error is overruled and the trial court's judgment is affirmed.

{¶ 27} It is ordered that appellee recover of appellant costs herein taxed.

{¶ 28} The court finds there were reasonable grounds for this appeal.

{¶ 29} It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
LARRY A. JONES, PRESIDING JUDGE

COLLEEN CONWAY COONEY, J., and
EILEEN A. GALLAGHER, J., CONCUR