[Cite as *State v. Reynolds*, 2021-Ohio-963.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-190710 |
| | | TRIAL NO. 19CRB-27400 |
| Plaintiff-Appellee, | : | |
| vs. | : | |
| | | *O P I N I O N.* |
| RICKY REYNOLDS, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal From: Hamilton County Municipal Court

Judgment Appealed From Is: Affirmed

Date of Judgment Entry on Appeal: March 26, 2021

*Andrew Garth,* Interim City Solicitor, *William T. Horsely,* City Prosecutor, and *Chris Konitzer*, Assistant City Prosecutor, for Plaintiff-Appellee,

*Raymond T. Faller,* Hamilton County Public Defender, and *Sarah E. Nelson*, Assistant Public Defender, for Defendant-Appellant.

**CROUSE, Judge.**

{¶1}  Defendant-appellant Ricky Reynolds was convicted of domestic violence in violation of R.C. 2919.25(A).  He has appealed, arguing in two assignments of error that (1) the trial court erred by shifting the burden of persuasion to him to prove his alibi defense, and (2) the conviction was against the manifest weight of the evidence.

{¶2}  We overrule both assignments of error and affirm the judgment of the trial court.

### *Factual Background*

{¶3}  Heather Reynolds testified that on October 31, 2019, she and defendant-appellant Ricky Reynolds argued about whether to take their children trick or treating.  She testified that Reynolds wrapped his arm around her neck and pulled her to the floor, causing her to black out.  As she stood up, he hit her in the face and "stomped" on her leg.  She testified the incident occurred between 5:00 and 6:00 p.m.

{¶4}  Four days later, on November 4, 2019, Reynolds called police and reported that Heather had stolen some of his prescription medication.  Cincinnati Police Officer James Mathews responded to Reynolds's apartment. Mathews testified that Heather showed up at the apartment shortly after he arrived.  He told Heather about Reynolds's allegation.  In response, she told him that Reynolds had abused her and showed him injuries she claimed were inflicted by Reynolds—a cut on her lip and a bruise on her leg.  Mathews photographed Heather's injuries, and the state admitted two of the photographs into evidence.

{¶5}  The defense admitted two photographs of Heather taken on October 30, 2019, that showed a mark on her lip in the same spot as the cut depicted in state's exhibit one.

{¶6}  Reynolds offered the alibi testimony of his son Tommy Reynolds and his brother Alan Philpot.  Tommy testified that on October 31, 2019, he was with Reynolds from approximately 4:00 to 8:00 p.m.  He testified that they left Reynolds's apartment around 4:00 to go to Philpot's house because Reynolds wanted to borrow a tool from Philpot.  Philpot was not home, so they passed the time at McDonald's for a while. They returned to Philpot's, but he was still not home, so they went to Walmart. They returned to Philpot's a third time and waited in his driveway until Philpot arrived home at approximately 7:00 p.m. Tommy testified that Reynolds dropped him off at his house at approximately 8:00 p.m.

{¶7}  Philpot testified that he went trick or treating with his children on October 31, 2019, and returned home at approximately 7:00 p.m.  Reynolds had come over to exchange tools and was waiting for him in his driveway.

### Alibi Defense

{¶8}  In his first assignment of error, Reynolds contends that the trial court erred by shifting the burden of persuasion to him to prove his alibi defense, depriving him of a fair trial.

{¶9}  Alibi is not an affirmative defense. The burden of proof remains with the prosecution to prove the defendant's guilt beyond a reasonable doubt. *State v. Sorrels*, 71 Ohio App.3d 162, 167, 593 N.E.2d 313 (1st Dist.1991). "Accordingly, any doubt arising from the defendant's alibi goes to the weakness of the state's case. If the doubt created either by the alibi, or by the weakness of the state's case, or by

both, rises to the level of reasonable doubt as to the defendant's guilt, an acquittal is required." *Id.*

{¶10} In *Sorrels*, the defendant was accused of assaulting his ex-girlfriend. *Id.* at 164. He presented four alibi witnesses who testified that at the time of the alleged assault the defendant was with them at a fraternity meeting. *Id.* The trial court stated, "Whether the defendant did it or not-he's got alibi witnesses who have established different times. It is possible for him to have been there and the finding is guilty." *Id.* at 166. Later, in denying the defendant's motion for a new trial, the trial court stated, "I still recall that the single thing that occurred to this Court was that the alibi was not an ironclad alibi. As you know, an alibi is only good if it's an ironclad one." *Id.* at 167. Based on the trial court's statements, this court held that the court had erred by shifting the burden of persuasion to the defendant for his alibi defense. *Id.* at 167.

{¶11} In the present case, the trial court stated:

State's Exhibits No. 1 and No. 2 clearly depict physical abuse to Ms. Reynolds, and like a lot of women who are in abusive relationships they do not, for various reasons, report it to the police right away. But it was reported four days later, and then documented by the police. I found her testimony to be credible. She said that would be impossible to create this own injury to your leg that's depicted on State's Exhibit No. 2 so I'm not sure what the theory of the defense case is, but perhaps it's somebody else did it, and that she is then not blaming this other person for some reason and then choosing to then pin it on her husband. That doesn't make any sense. It's not common sense that someone would give a free pass to

4

some other person that's abusive, and then instead turn around and blame her husband. She, from my viewpoint, presents as a textbook example of a woman that has been living with abuse for too long.

I find the state proved beyond a reasonable doubt that Mr. Reynolds did cause this harm here, committed domestic violence on Halloween evening, and I'll entering [sic] a finding of guilty.

{¶12} Reynolds argues that the court's statements demonstrate that he shifted the burden of persuasion to him to prove his alibi defense. We disagree. The credibility of the witnesses in an alibi case will often be a deciding factor. The trial court had to weigh Heather's and Tommy's testimony along with the other evidence and decide who was telling the truth. In doing so, the court did not err by weighing the theory of the defense against Heather's testimony to determine which was more believable.

{¶13} Furthermore, the trial court stated, "I find the state proved beyond a reasonable doubt that Mr. Reynolds did cause this harm here, committed domestic violence." That statement allays any doubt as to whether the court held the state to its burden of proof. *See, e.g., State v. Walton*, 8th Dist. Cuyahoga No. 96133, 2011-Ohio-5662, ¶ 18 (where the Eighth District held that the trial court's comment that the defendant "failed to overcome" the strength of the victim's identification did not amount to a shifting of the burden of persuasion where the court found that "based upon the totality of the evidence" the defendant was guilty "beyond a reasonable doubt").

{¶14} The court did not shift the burden of persuasion to Reynolds. The first assignment of error is overruled.

5

### *Manifest Weight of the Evidence*

**{¶15}** In reviewing a claim that a conviction is against the manifest weight of the evidence, "we review the record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses, and determine whether the trier of fact, in resolving conflicts in the evidence, 'clearly lost its way and created such a manifest miscarriage of justice that the conviction must be overturned.' " *State v. Martin*, 20 Ohio App.3d 172, 175, 485 N.E.2d 717 (1st Dist.1983). Reversal of a conviction and a grant of a new trial should only be done in "exceptional cases in which the evidence weighs heavily against the conviction." *Id.*

**{¶16}** "The trier of fact is in the best position to judge the credibility of the witnesses and the weight to be given to the evidence presented." *State v. Carson*, 1st Dist. Hamilton No. C-180336, 2019-Ohio-4550, ¶ 16. Regarding Reynolds's alibi defense, the trial court expressly found Heather to be credible.

**{¶17}** With the two photographs of Heather from October 30, 2019, the defense attempted to show that Heather had a cut on her lip prior to her confrontation with Reynolds. The state's theory was that when Reynolds hit Heather on October 31, 2019, he aggravated an existing wound. State's exhibit one does seem to show that the cut on Heather's lip is a deeper and more recent cut than the mark depicted in defense exhibits one and two.

**{¶18}** After reviewing the record in this case, we find that the trial court did not clearly lose its way in believing Heather's testimony, and this is not one of those "exceptional cases in which the evidence weighs heavily against the conviction." *See Martin* at 175. The second assignment of error is overruled.

### *Conclusion*

**{¶19}**  Both assignments of error are overruled and the judgment of the trial court is affirmed.

Judgment affirmed.

**ZAYAS, P.J.,** and **WINKLER, J.,** concur.

Please note:

The court has recorded its own entry on the date of the release of this opinion.