[Cite as *State v. Wallace*, 2025-Ohio-3032.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## LAKE COUNTY

STATE OF OHIO,
CITY OF PAINESVILLE,

          Plaintiff-Appellee,

- vs -

DEMETREO S. WALLACE,

          Defendant-Appellant.

CASE NO. 2025-L-013

Criminal Appeal from the
Painesville Municipal Court

Trial Court No. 2024 CRB 01522

---

## OPINION AND JUDGMENT ENTRY

Decided: August 25, 2025
Judgment: Reversed and remanded

---

*Joseph D. Hada*, Painesville City Prosecutor, 1392 Som Center Road, Mayfield Heights, OH 44124 (For Plaintiff-Appellee).

*Vanessa R. Clapp*, Lake County Public Defender, 125 East Erie Street, Suite 50, Painesville, OH 44077, and *Paul J. Lubonovic*, Assistant Public Defender, 100 West Erie Street, Painesville, OH 44077 (For Defendant-Appellant).


JOHN J. EKLUND, J.

{¶1}   Appellant, Demetreo S. Wallace, appeals his conviction for Domestic Violence, a first-degree misdemeanor, following a bench trial in the Painesville Municipal Court.

{¶2}   Appellant raises a single assignment of error, arguing that the trial court erred by admitting hearsay evidence in the form of the victim's recorded statement to police.

{¶3} Having reviewed the record and applicable law, we find that Appellant's assignment of error has merit. The trial court erred by admitting the recording under the business-record exception to the hearsay rule, and the error was not harmless. Therefore, we reverse the judgment of the Painesville Municipal Court and remand for a new trial.

## Substantive and Procedural History

{¶4} On October 9, 2024, the Painesville Police Department filed a criminal complaint in the Painesville Municipal Court charging Appellant with Domestic Violence, a first-degree misdemeanor in violation of R.C. 2919.25(A). The victim was J.C., with whom Appellant has a child.

{¶5} On October 25, 2024, Appellant was arraigned, pleaded not guilty, and was appointed counsel.

{¶6} On January 6, 2025, the matter was tried to the bench. The State presented testimony from J.C. and Sgt. Collins of the Painesville Police Department.

{¶7} J.C. testified that on October 8, 2024, she was a passenger in a vehicle Appellant was driving in Painesville, Ohio. J.C. saw something on Appellant's phone involving another woman, at which time the couple had a verbal argument. After the argument, Appellant dropped J.C. off at her cousin's house on Fairlawn Avenue in Painesville. J.C. testified that she did not remember anything else about the October 8, 2024 incident, including where the couple was coming from or what she may have subsequently told the police.

{¶8} Upon the State's request, the trial court informed J.C. about the penalties for perjury. To refresh J.C.'s recollection, the State played an audio recording of a

statement she made to Sgt. Collins. In her recorded statement, J.C. reported that during a car ride that morning, Appellant grabbed her cell phone and went through her text messages. Appellant became irate and called the man with whom J.C. had been texting. Appellant then hit and punched J.C. in the face, chest, stomach, and back and grabbed her neck. J.C. acknowledged her voice on the recording and that she had a bruise on her lip but stated that she still did not remember talking to the police.

{¶9} Sgt. Collins testified that on October 8, 2024, he was dispatched to the police station to speak with J.C. regarding a domestic violence complaint that she wished to file. Sgt. Collins spoke with J.C. in the interview room and recorded her statement via video and audio. Sgt. Collins also took photographs of J.C.'s physical injuries, which he described as a swollen upper lip, a puffy and swollen face, and "knots" or redness on her head.

{¶10} The State moved to admit the audio recording as "a business record." The defense objected on hearsay grounds. The trial court admitted the recording over the defense's objection.

{¶11} The State rested, and the defense moved for acquittal pursuant to Crim.R. 29, which the trial court denied. The defense rested without presenting testimony or other evidence. The defense renewed its Crim.R. 29 motion, which the trial court denied. The defense presented a closing argument, requesting that the trial court find Appellant not guilty because the State failed to prove how J.C.'s injuries were inflicted.

{¶12} The trial court found Appellant guilty of Domestic Violence based on "strong circumstantial evidence" consisting of the recording and the photographs of J.C.'s injuries.

Case No. 2025-L-013

The trial court sentenced Appellant to 180 days in jail with work release. Following the bench trial, the trial court filed Appellant's judgment of conviction.

{¶13} On January 16, 2025, the trial court held a sentence review hearing. The trial court imposed a no-contact order in favor of J.C.; ordered Appellant's release from the Lake County jail; and modified his sentence to place him on GPS with work release and release for legal requirements.

{¶14} On January 22, 2025, the trial court held a second review hearing. The trial court placed Appellant on community control sanctions for one year; continued the no-contact order; and suspended 90 days of Appellant's jail sentence to be served on GPS with work release and release for legal requirements.

{¶15} On February 3, 2025, the trial court held a third review hearing. The trial court ordered Appellant to be released from "jail diversion" on February 21, 2025; suspended 134 days of Appellant's jail sentence; imposed community control sanctions until January 21, 2026; and continued the no-contact order.

{¶16} On February 5, 2025, Appellant timely appealed his judgment of conviction. He raises a single assignment of error. The State did not file an answer brief.

**Assignment of Error and Analysis**

{¶17} Appellant's sole assignment of error states: "THE TRIAL COURT ERRED WHEN IT PERMITTED J.C.'S RECORDED STATEMENT TO POLICE TO BE PLAYED IN COURT AND ADMITTED INTO EVIDENCE."

{¶18} Appellant argues that the trial court erred in admitting the recording because it is hearsay that was not admissible under any exception to the hearsay rule. He further argues that the trial court's error was prejudicial and, thus, not harmless.

Case No. 2025-L-013

{¶19} This Court has held that whether evidence constitutes inadmissible hearsay is a question of law subject to de novo review. *State v. Glavic*, 2024-Ohio-209, ¶ 34 (11th Dist.). This is because Evid.R. 802 specifically provides that "hearsay is not admissible." *Id*. "Therefore, 'the trial court's decision to admit hearsay is not governed by the test of abuse of discretion, which the Supreme Court applies to instances where the trial court's evidentiary rulings relate to matters expressly or implicitly within its discretion, as in rulings on relevancy (Evid.R. 402 and 403) or expert testimony (Evid.R. 702).'" *Id*., quoting *State v. Sorrels*, 71 Ohio App.3d 162, 165 (1st Dist. 1991).

{¶20} "'Hearsay' is a statement, other than one made by the declarant while testifying at trial or hearing, offered in evidence to prove the truth of the matter asserted." Evid.R. 801(C). A "statement" includes "an oral . . . assertion." Evid.R. 801(A). "Hearsay is not admissible except as otherwise provided by the Constitution of the United States, by the Constitution of the State of Ohio, by statute enacted by the General Assembly not in conflict with a rule of the Supreme Court of Ohio, by [the Ohio Rules of Evidence], or by other rules prescribed by the Supreme Court of Ohio." Evid.R. 802.

{¶21} J.C.'s recorded statement to Sgt. Collins is hearsay. The recording contains assertions that J.C. made other than during her trial testimony, and the State offered the recording in evidence to prove that Appellant committed Domestic Violence.

{¶22} Appellant argues that the recording was not admissible under the business-record exception to the hearsay rule. Evid.R. 803 sets forth several exceptions to the hearsay rule. *See id*. ("The following are not excluded by the hearsay rule, even though the declarant is available as a witness"). "Evid.R. 803(6) 'recognizes a hearsay exception for records of regularly conducted business activities.'" *Hilliard City Schools Bd. of Edn.*

*v. Franklin Cty. Bd. of Revision*, 2018-Ohio-2046, ¶ 37, fn. 3, quoting 2 Gianelli, *Evidence*, § 803.27, at 256 (3d Ed. 2010).  A "record[] of regularly conducted activity" under Evid.R. 803(6) is:

> A memorandum, report, record, or data compilation, in any form, of acts, events, or conditions, made at or near the time by, or from information transmitted by, a person with knowledge, if kept in the course of a regularly conducted business activity, and if it was the regular practice of that business activity to make the memorandum, report, record, or data compilation, all as shown by the testimony of the custodian or other qualified witness or as provided by Rule 901(B)(10), unless the source of information or the method or circumstances of preparation indicate lack of trustworthiness.  The term "business" as used in this paragraph includes business, institution, association, profession, occupation, and calling of every kind, whether or not conducted for profit.

{¶23}  "To qualify for admission under Rule 803(6), a business record must manifest four essential elements: (i) the record must be one regularly recorded in a regularly conducted activity; (ii) it must have been entered by a person with knowledge of the act, event or condition; (iii) it must have been recorded at or near the time of the transaction; and (iv) a foundation must be laid by the 'custodian' of the record or by some 'other qualified witness.'"  *State v. Davis*, 2008-Ohio-2, ¶ 171.  "Even after these elements are established, however, a business record may be excluded from evidence if 'the source of information or the method or circumstances of preparation indicate lack of trustworthiness.'"  *Id*., quoting Evid.R. 803(6).

{¶24}  Appellant argues that the recording was not admissible as a business record under Evid.R. 803(6) because "the source of information or the method or circumstances of preparation indicate lack of trustworthiness" and/or because J.C.'s recorded statements were hearsay within hearsay under Evid.R. 805.

{¶25} We find Appellant's latter argument to be dispositive. Evid.R. 805 provides that "[h]earsay included within hearsay is not excluded under the hearsay rule if each part of the combined statements conforms with an exception to the hearsay rule provided in [the Ohio Rules of Evidence]." In *Reichhold Chem., Inc. v. Haas*, 1989 WL 133417 (11th Dist. Nov. 3, 1989), this Court explained:

> "Evid.R. 803(6) requires that the source of information be 'a person with knowledge.' [The report's author] is obviously the author of the report and a person with knowledge of the report's contents. However, the report contains assertions by someone . . . other than the report's author. When these assertions are offered to prove their truthfulness, they can only be admitted if they themselves come within an exception to the hearsay rule."

*Id.* at *4, quoting *Cox v. Oliver Machinery Co.*, 41 Ohio App.3d 28, 36 (12th Dist. 1987).

{¶26} Even assuming that the recording constitutes a business record, it contains out-of-court statements from J.C. The State could only offer J.C.'s statements for their truth by satisfying an additional exception to the hearsay rule, such as the exceptions for a "present sense impression" under Evid.R. 803(1) or an "excited utterance" under Evid.R. 803(2). The State did not assert, much less lay a proper foundation to establish, any additional exception. Accordingly, J.C.'s statements were not admissible under Evid.R. 803(6).

{¶27} Appellant next argues that the recording was not admissible under the recorded-recollection exception to the hearsay rule. A "recorded recollection" under Evid.R. 803(5) is:

> A memorandum or record concerning a matter about which a witness once had knowledge but now has insufficient recollection to enable him to testify fully and accurately, shown by the testimony of the witness to have been made or adopted when the matter was fresh in his memory and to reflect that knowledge correctly. If admitted, the memorandum or record may be read into evidence but may not itself be received as an exhibit unless offered by an adverse party.

Case No. 2025-L-013

{¶28} To admit a recorded recollection under Evid.R. 803(5), a party must establish that (1) the witness has insufficient memory to accurately testify to crucial information; (2) the witness can show through their testimony that the past recollection recorded was made or adopted when the matter was fresh in the witness's memory; and (3) the past recollection recorded correctly reflects the knowledge the witness had at the time it was recorded. *State v. Kish*, 2002-Ohio-7130, ¶ 72 (11th Dist.).

{¶29} The State did not offer the recording as a recorded recollection, much less lay a proper foundation to satisfy the requirements in Evid.R. 803(5). Accordingly, the recording was not admissible under Evid.R. 803(5).

{¶30} Based on the foregoing analysis, the trial court erred in admitting the recording. The Supreme Court of Ohio has observed that "[n]ot every error requires that a conviction be vacated or a new trial granted." *State v. Morris*, 2014-Ohio-5052, ¶ 24. For instance, Crim.R. 52(A) provides that "[a]ny error, defect, irregularity, or variance which does not affect substantial rights shall be disregarded." In addition, R.C. 2945.83(C) states in relevant part that a "judgment of conviction [shall not] be reversed in any court because of . . . [t]he admission . . . of any evidence offered against . . . the accused unless it affirmatively appears on the record that the accused was or may have been prejudiced thereby[.]"

{¶31} In *State v. Harris*, 2015-Ohio-166, the Supreme Court of Ohio set forth a three-part analysis to guide appellate courts in determining whether the erroneous admission of evidence affected the defendant's substantial rights so as to require a new trial or whether the admission of that evidence was harmless error under Crim.R. 52(A). *Id*. at ¶ 37. First, the error must have prejudiced the defendant, i.e., the error had an

Case No. 2025-L-013

impact on the verdict. *Id*. Second, the error must not be harmless beyond a reasonable doubt. *Id*. Third, once the prejudicial evidence is excised, the weight of the remaining evidence must establish the defendant's guilt beyond a reasonable doubt. *Id*.

{¶32} The trial court's error had an impact on its verdict and was not harmless beyond a reasonable doubt. We acknowledge that when a matter is tried to the bench, there is a presumption that the trial judge "'considered only the relevant, material, and competent evidence in arriving at its judgment unless it affirmatively appears to the contrary.'" *Jackson v. Herron*, 2005-Ohio-4046, ¶ 28 (11th Dist.), quoting *State v. White*, 15 Ohio St.2d 146, 151 (1968). However, the trial court explicitly referenced the recording while rendering its verdict, describing it as "strong circumstantial evidence" of Appellant's guilt. Therefore, the foregoing presumption does not apply.

{¶33} Once the recording is excised, the remaining evidence does not establish Appellant's guilt for Domestic Violence beyond a reasonable doubt. Appellant was convicted of violating R.C. 2919.25(A), which provides, "[n]o person shall knowingly cause or attempt to cause physical harm to a family or household member." "'Physical harm to persons' means any injury, illness, or other physiological impairment, regardless of its gravity or duration." R.C. 2901.01(A)(3). "Circumstantial evidence" is evidence that is "not grounded on actual personal knowledge or observation of the facts at issue, but of other facts from which inferences are drawn, illustrating indirectly the facts sought to be established." *State v. Dietrich*, 2024-Ohio-2039, ¶ 15 (11th Dist.).

{¶34} J.C.'s testimony indicated that she and Appellant had a verbal argument in Painesville on October 8, 2024. Sgt. Collins' testimony and the photographs indicated that J.C. had physical injuries later that day. However, Sgt. Collins conceded that he did

Case No. 2025-L-013

not have personal knowledge of the October 8, 2024 incident. Without J.C.'s statements, there is no evidence linking Appellant to her physical injuries. Therefore, the remaining evidence does not establish that Appellant caused or attempted to cause physical harm to J.C.

{¶35} After applying the required analysis, we find that the trial court's improper admission of the recording was not harmless error. Appellant's sole assignment of error has merit, and his judgment of conviction is reversed.

{¶36} Based on our disposition, we must determine whether this case shall be remanded for a new trial or whether Appellant is discharged. The Supreme Court of Ohio has held that when an appellate court's reversal is based on trial error, such as an erroneous admission of evidence, the Double Jeopardy Clause does not bar retrial. *Girard v. Giordano*, 2018-Ohio-5024, ¶ 11. By contrast, when an appellate court reverses for insufficiency of the evidence, the Double Jeopardy Clause bars retrial. *Id*. at ¶ 10.

{¶37} Our reversal is based on the trial court's erroneous admission of hearsay. Appellant has not challenged the sufficiency of the State's evidence, which would have required us to consider all of the evidence admitted at trial, including the erroneously admitted hearsay. *See State v. Brewer*, 2009-Ohio-593, ¶ 19-20. Therefore, the State is not barred from retrying Appellant.

Case No. 2025-L-013

{¶38} For the foregoing reasons, the judgment of the Painesville Municipal Court is reversed, and this matter is remanded for a new trial.


MATT LYNCH, J.,

SCOTT LYNCH, J.,

concur.

Case No. 2025-L-013

# JUDGMENT ENTRY

For the reasons stated in the opinion of this court, Appellant's assignment of error has merit. It is the judgment and order of this court that the judgment of the Painesville Municipal Court is reversed, and this matter is remanded for a new trial.

Costs to be taxed against Appellee.

JUDGE JOHN J. EKLUND

JUDGE MATT LYNCH,
concurs

JUDGE SCOTT LYNCH,
concurs

---

**THIS DOCUMENT CONSTITUTES A FINAL JUDGMENT ENTRY**

A certified copy of this opinion and judgment entry shall constitute the mandate pursuant to Rule 27 of the Ohio Rules of Appellate Procedure.

Case No. 2025-L-013