JOURNAL ENTRY AND OPINION
{¶ 1} This cause came to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1, the trial court records and briefs of counsel. Defendant-appellant Michael Waters appeals his conviction from the Cuyahoga County Court of Common Pleas after a bench trial. Finding no error in the proceedings below, we affirm.
 {¶ 2} In the early morning hours of July 10, 2004, the victim, Joseph Sweeney, went over to his cousin Elizabeth Sweeney's apartment for a few drinks. Alexie Pepple was also there. The three mixed some drinks. After hearing music coming from an upstairs apartment, they decided to go up there to socialize. Elizabeth and Alexie knew the upstairs tenant, Adam Darst.
 {¶ 3} Darst lived in the apartment with his roommate, Charles Hodges. That evening, Darst, his girlfriend, Kelly Collins, Hodges and Waters were at the apartment together. All were drinking, except Collins. They heard a knock at the door and let Elizabeth, Alexie, and Joseph in.
 {¶ 4} Everyone was getting along for a while, but then an argument broke out between Joseph and Waters concerning satellite television. Both sides presented conflicting testimony as to who was the aggressor, but there was no physical altercation at that time. Elizabeth, Alexie, and Joseph left Darst's apartment and went back to Elizabeth's.
 {¶ 5} Over the next forty-five minutes to an hour, all continued to drink in their respective apartments. At some point, Waters went down to his van to retrieve a pack of cigarettes. Meanwhile, Joseph, Elizabeth and Alexie were heading outside to smoke. According to Joseph and Elizabeth, as Joseph was opening the back door to head outside, Waters was coming in. Waters hit Joseph over the head with a glass beer mug, splitting Joseph's head open. Waters ran out the front door.
 {¶ 6} According to Waters and one of his witnesses, Carolyn Kruse, Joseph swung a beer mug at Waters first, hitting him in the arm. Waters then hit Joseph over the head with a beer bottle and ran. When asked by the court if the bottle had broken, Waters responded, "Yes, sir." When asked by the court what he did with the bottle, Waters responded, "I — I dropped it immediately after." When asked by the court where he dropped the bottle, Waters responded, "It was right in — in between the doorway and the hallway." According to the pictures and the testimony at trial, the only broken glass in the hallway belonged to the beer mug, and no beer bottle was ever recovered.
 {¶ 7} Waters was found guilty of two counts of felonious assault and one count of possession of criminal tools. He was sentenced to three years of community-controlled sanctions with a suspended three-year prison sentence. He appealed his conviction, and this court remanded the case for resentencing because the sentencing entry did not constitute a final appealable order. SeeState v. Waters, Cuyahoga App. No. 85691, 2005-Ohio-5137. At resentencing, Waters was sentenced to the same; however, because he had completed all of the court's conditions during the year he was on community-controlled sanctions, his community-controlled sanctions were terminated.
 {¶ 8} Waters appeals, advancing two assignments of error for our review. His first assignment of error states the following:
 {¶ 9} "The greater weight of the evidence supported a conviction for aggravated assault rather than felonious assault."
 {¶ 10} Under this assignment of error, Waters argues that his conviction should be reduced to aggravated assault because there was sufficient provocation by the victim to mitigate the offense. Waters, however, never requested that the trial court consider any lesser included offenses or inferior offenses; instead, he argued self-defense. Since Waters did not ask the court to consider the inferior offense of aggravated assault, he waived all but plain error. State v. Goodwin (1999),84 Ohio St.3d 331.
 {¶ 11} Moreover, Waters waived a jury and the case was tried to the bench. Unlike a jury, which must be instructed on the applicable law, a trial judge is presumed to know the applicable law and apply it accordingly. State v. Eley (1996),77 Ohio St.3d 174, 180-181; 1996-Ohio-323. Therefore, we presume that the trial court knew the applicable law and applied it accordingly.
 {¶ 12} The offense of aggravated assault is an inferior degree of the indicted offense of felonious assault, since the elements are identical except for the additional mitigating element of serious provocation. See State v. Deem (1988),40 Ohio St.3d 205, 210. "Provocation, to be serious, must be reasonably sufficient to bring on extreme stress and the provocation must be reasonably sufficient to incite or to arouse the defendant into using deadly force. In determining whether the provocation was reasonably sufficient to incite the defendant into using deadly force, the court must consider the emotional and mental state of the defendant and the conditions and circumstances that surrounded him at the time." Id. at 211;State v. Mabry (1982), 5 Ohio App.3d 13, paragraph five of the syllabus.
 {¶ 13} Here, the only evidence presented at trial regarding provocation was that an argument took place an hour earlier, and, if believed, that Joseph hit Waters first in the arm with a beer mug. The evidence did not indicate that at the time of the assault Waters was "under the influence of sudden passion or in a sudden fit of rage, either of which [was] brought on by serious provocation occasioned by the victim." See R.C. 2903.12. Accordingly, we find that the trial court did not err by failing to find Waters guilty of the inferior offense of aggravated assault. Waters' first assignment of error is overruled. Waters' second assignment of error states the following:
 {¶ 14} "The prosecuting attorney engaged in a deliberate pattern of comments on the appellant's post-arrest silence thereby denying him a fair trial."
 {¶ 15} Under this assignment of error, Waters argues that he was prejudiced by the prosecutor's comments regarding his failure to make a statement to police, his leaving the scene, and Kruse's failure to make a statement to police. Waters argues that the prosecutor's comments with regard to Waters' silence implied that he was guilty.
 {¶ 16} The state may not comment upon an accused's post-arrest silence. Doyle v. Ohio (1976), 426 U.S. 610. "Doyle rests on `the fundamental unfairness of implicitly assuring a suspect that his silence will not be used against him and then using his silence to impeach an explanation subsequently offered at trial.'" Wainwright v. Greenfield (1986),474 U.S. 284, 291 (quoting South Dakota v. Neville (1983), 459 U.S. 553,565).
 {¶ 17} Here, in response to the prosecutor's question, the detective testified that Waters declined to make a statement. In addition, the prosecutor asked Waters whether he made a statement to police and whether he asked the detective to take a picture of his alleged injuries. Waters responded that he did not. The prosecutor was trying to establish two things with his questions: first, that Waters did not claim self-defense until trial; and, second, that Waters had the opportunity to request the detective take pictures of his injury but did not. Waters claimed the police ignored his requests to have his injury photographed. The state may not attempt to impeach Waters' story at trial by using his failure to make a statement against him.
 {¶ 18} Nevertheless, this was a bench trial and the trial court is presumed to know the applicable law and apply it accordingly. In addition, the trial court is presumed to consider only reliable, relevant, and competent evidence unless it affirmatively appears to the contrary. State v. Richey (1992),64 Ohio St.3d 353. There is no indication in the record that the trial court was influenced by Waters' failure to make a statement to police or the state's comments thereon. Accordingly, Waters' second assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Celebrezze, Jr., P.J., and Milligan, J.,* Concur.
* Sitting by assignment: Judge John R. Milligan, retired, of the Fifth District Court of Appeals.