[Cite as *State v. Triona*, 2016-Ohio-5163.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. Sheila G. Farmer, P.J. |
| Plaintiff-Appellee | : | Hon. W. Scott Gwin, J. |
| | : | Hon. William B. Hoffman, J. |
| -vs- | : | |
| | : | |
| ANTHONY B. TRIONA | : | Case No. 16-CA-6 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:        Appeal from the Municipal Court,
Case No. 15CRB01644


JUDGMENT:        Affirmed


DATE OF JUDGMENT:        July 27, 2016


APPEARANCES:

For Plaintiff-Appellee        For Defendant-Appellant

J. MICHAEL KING        ANDREW T. SANDERSON
40 West Main Street        73 North Sixth Street
Fourth Floor        Newark, OH  43055
Newark, OH  43055

*Farmer, P.J.*

{¶1}    On September 14, 2015, appellant, Anthony Triona, was charged with one count of assault in violation of R.C. 2903.13.    Said charge arose form an incident involving appellant and his girlfriend, Audra Burton.

{¶2}    A bench trial was held on December 28, 2015.    By judgment entry filed same date, the trial court found appellant guilty and sentenced him to ninety days in jail.

{¶3}    Appellant filed an appeal and this matter is now before this court for consideration.    Assignment of error is as follows:

I

{¶4}    "THE DEFENDANT-APPELLANT WAS DENIED THE EFFECTIVE ASSISTANCE OF TRIAL COUNSEL."

I

{¶5}    Appellant claims he was denied effective assistance of trial counsel as his counsel failed to object to testimony concerning a prior incident that had occurred on the same date as the subject offense.    We disagree.

{¶6}    The standard this issue must be measured against is set out in *State v. Bradley,* 42 Ohio St.3d 136 (1989), paragraphs two and three of the syllabus.    Appellant must establish the following:

> 2. Counsel's performance will not be deemed ineffective unless and until counsel's performance is proved to have fallen below an objective standard of reasonable representation and, in addition, prejudice arises from counsel's performance.    (*State v. Lytle* [1976], 48 Ohio St.2d 391, 2

O.O.3d 495, 358 N.E.2d 623; *Strickland v. Washington* [1984], 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674, followed.)

3. To show that a defendant has been prejudiced by counsel's deficient performance, the defendant must prove that there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different.

{¶7} It is important to note this case was tried to the bench, and "the trial court is presumed to know the applicable law and apply it accordingly. In addition, the trial court is presumed to consider only reliable, relevant, and competent evidence unless it affirmatively appears to the contrary." *State v. Waters,* 8th Dist. Cuyahoga No. 87431, 2006-Ohio-4895, ¶ 18, citing *State v. Richey,* (1992), 64 Ohio St.3d 353 (1992).

{¶8} Appellant was convicted of assaulting Ms. Burton. Appellant complains of his counsel's failure to object to testimony regarding a prior uncharged incident that had occurred on the same date as the subject offense.

{¶9} On direct examination, Ms. Burton, in describing the events that occurred on the day in question, started her testimony by explaining "the incident occurred after the police were there a first time. They waited until he had a ride from his brother, so you know, to leave. And then about, you know, 20, 30 minutes later," she permitted appellant to return to retrieve some belongings when the charged offense occurred. T. at 6. Ms. Burton admitted to being drunk and an argument between the two ensued. T. at 6-7. She called "911 the second time that night." T. at 7. The prosecutor then asked her about the first uncharged incident (T. at 8):

Q. And if I understood you correctly, there were actually two incidents?

A. Yes.

Q. The first one, do you recall about what time it would have occurred?

A. I would say it happened around 12:45 or so. I can't tell you - - I can't, I'm not exactly sure what time it was. I know that the - - that the police were there for quite a while, waiting on, you know, Brice [appellant] to have a ride back and everything.

Q. Okay. And Mr. Triona, he was there when the police arrived the first time?

A. Yes.

Q. And it wasn't this officer seated here at the table, correct?

A. No.

Q. Okay. So basically, they allowed him to stay there until - - and they remained there until his brother arrived for a ride?

A. Yeah, they waited outside in the - - yeah, outside, I believe in the UDF parking lot, waiting for his brother.

{¶10} Ms. Burton did not testify to what had occurred during the first uncharged incident. On cross-examination, defense counsel elicited testimony from Ms. Burton about her alcohol consumption that day, and asked her about the day's events. T. at

15-16. Ms. Burton agreed the two engaged in emotionally charged arguments and she admitted to slapping and shoving appellant during the first incident. T. at 17-18. On re-direct, the prosecutor asked Ms. Burton what prompted her to touch appellant, and she explained "he's accusing me of cheating on him and he had me over the kitchen table and started hitting me with [h]is belt." T. at 25.

{¶11} Appellant testified in his own defense and stated the first uncharged incident involved mutual combat. T. at 36.

{¶12} Defense counsel established Ms. Burton was intoxicated and used the first uncharged incident to establish she had slapped appellant and permitted him to return to her residence. In closing argument, defense counsel argued self-defense. T. at 40. This court must accord deference to defense counsel's strategic choices made during trial and "requires us to eliminate the distorting effect of hindsight." *State v. Post,* 32 Ohio St.3d 380, 388 (1987).

{¶13} Given the minimal testimony concerning the first uncharged incident, we cannot find any prejudice to appellant. In fact, appellant bootstrapped his own defense of mutual combat by using the first uncharged incident in his testimony.

{¶14} Further, in finding appellant guilty, there is no indication that the trial court was influenced by the testimony of the first uncharged incident or that it relied on the testimony in arriving at its decision. T. at 41.

{¶15} Upon review, we do not find any prejudice to appellant on the complained of issue.

{¶16} The sole assignment of error is denied.

{¶17} The judgment of the Municipal Court of Licking County, Ohio is hereby affirmed.

By Farmer, P.J.

Gwin, J. and

Hoffman, J. concur.


SGF/sg 711