[Cite as *State v. Vimpeny*, 2016-Ohio-7995.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

| STATE OF OHIO | C.A. No. 16CA010915 |
|---|---|
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| MICHAEL E. VIMPENY | COURT OF COMMON PLEAS COUNTY OF LORAIN, OHIO |
| Appellant | CASE No. 13CR088312 |

DECISION AND JOURNAL ENTRY

Dated: December 5, 2016

SCHAFER, Judge.

**{¶1}** Defendant-Appellant, Michael Vimpeny, appeals the judgment of the Lorain County Court of Common Pleas convicting him of felonious assault and ordering him to pay restitution in the amount of $48,609.00. We affirm.

I.

**{¶2}** This matter involves a physical altercation that occurred between Vimpeny and his neighbor, Richard McCartney. On May 26, 2013, Officer Richard Hall of the Lorain Police Department was dispatched to West 12th Street in Lorain, Ohio due to an assault complaint. Upon arriving at the scene, Officer Hall established contact with Vimpeny. Vimpeny told Officer Hall that he had walked across the street to McCartney's house and confronted McCartney about a Facebook comment that he had publicly posted about him. Vimpeny told Officer Hall that he knocked on McCartney's front door and confronted him about the Facebook posting, to which McCartney responded by ordering him off of his property. Vimpeny also told

Officer Hall that before he could leave the property, McCartney punched him and threw a chair at him. Vimpeny admitted that in response to McCartney's actions, he retaliated by lunging towards McCartney and punching him.

{¶3} After speaking with Vimpeny, Officer Hall walked over to McCartney's house, where he discovered McCartney laying on his living room floor being treated by medical personnel for an obvious head injury. McCartney told Officer Hall that Vimpeny confronted him at his house over his Facebook post, but added that he only hit Vimpeny because he appeared to be "in a fighting stance." McCartney further told Officer Hall that Vimpeny responded by attacking him and punching him in the side of his head, the impact of which felt like he had been stabbed in the head. After speaking with Officer Hall for a few minutes about the incident, Officer Hall testified that McCartney began experiencing "some kind of convulsions or seizures or something" and that the medical personnel had to rush him to the hospital.

{¶4} On November 13, 2013, the Lorain County Grand Jury indicted Vimpeny on one count of felonious assault in violation of R.C. 2903.11(A)(1), a second-degree felony, and one count of aggravated trespass in violation of R.C. 2911.211(A), a first-degree misdemeanor. Vimpeny pleaded not guilty to both counts contained in the indictment and the matter proceeded through the pretrial process.

{¶5} On June 4, 2015, Vimpeny waived his constitutional right to a jury trial and consented to his case being tried to the bench. A bench trial was subsequently held in this matter, wherein the State called four witnesses during its case-in-chief. Following the State's case-in-chief, Vimpeny made a Crim.R. 29 motion for judgment of acquittal, which the trial court summarily denied. Vimpeny proceeded to call two witnesses on his behalf prior to resting his case. The trial court took the matter under advisement following closing argument. On

September 16, 2015, the trial court found Vimpeny guilty of felonious assault, but not guilty of aggravated trespass. On January 6, 2016, the trial court sentenced Vimpeny to two years in prison and ordered him to pay restitution in the amount of $48,609.00.

{¶6} Vimpeny filed this timely appeal and raises two assignments of error for this Court's review.

II.

**Assignment of Error I**

**The Appellant's conviction for felonious assault was against the manifest weight of the evidence.**

{¶7} In his first assignment of error, Vimpeny argues that his felonious assault conviction is against the manifest weight of the evidence. Specifically, Vimpeny contends that the trial court erred by disregarding evidence of serious provocation and not finding him guilty of the inferior-degree offense of aggravated assault. We disagree.

{¶8} When contemplating whether a criminal conviction is against the manifest weight of the evidence in a bench trial, this Court is required to consider the whole record, "weigh the evidence and all reasonable inferences, consider the credibility of the witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." *State v. Otten*, 33 Ohio App.3d 339, 340 (9th Dist.1986). Appellate courts are cautioned to only reverse a conviction on manifest weight grounds "in exceptional cases," *State v. Carson,* 9th Dist. Summit No. 26900, 2013–Ohio–5785, ¶ 32, citing *Otten* at 340, where the evidence "weighs heavily against the conviction," *State v. Thompkins*, 78 Ohio St.3d 380, 387 (1997).

{¶9} This matter implicates Vimpeny's conviction on felonious assault under R.C. 2903.11(A)(1), which provides that "no person shall knowingly cause serious physical harm to another[.]" Vimpeny contends that his conviction for felonious assault is against the manifest weight of the evidence because he "was provoked into a felonious assault by being physically harmed [and] taunted by the victim." As such, Vimpeny asserts that McCartney's provocation was a mitigating circumstance that should have resulted in him being convicted of aggravated assault in violation of R.C. 2903.12, which is an inferior-degree offense of felonious assault. *See State v. Deem*, 40 Ohio St.3d 205, 210-211 (1988) (explaining that aggravated assault is an inferior-degree offense to felonious assault because its elements are identical to those of felonious assault except for the additional mitigating element of serious provocation).

{¶10} A careful review of the transcript reveals that Vimpeny never requested the trial judge to consider any lesser included offenses or inferior offenses during his deliberations. Rather, Vimpeny argued that he acted in self-defense when he assaulted the victim. Because Vimpeny did not ask the trial court to consider the inferior offense of aggravated assault, he has waived all but plain error on this issue. *See State v. Waters*, 8th Dist. Cuyahoga No. 87431, 2006-Ohio-4895, ¶ 10, citing *State v. Goodwin*, 84 Ohio St.3d 331 (1999). However, Vimpeny failed to make a plain-error argument on appeal and we decline to fashion one on his behalf and then address it. *See* App.R. 16(A)(7); *Coleman v. Coleman*, 9th Dist. Summit No. 27592, 2015-Ohio-2500, ¶ 9.

{¶11} Moreover, as noted earlier in this opinion, Vimpeny waived his right to a jury trial and his case was tried to the bench. "Unlike a jury, which must be instructed on the applicable law, a trial judge is presumed to know the applicable law and apply it accordingly." *Waters* at ¶ 11, citing *State v. Eley*, 77 Ohio St.3d 174, 180-181 (1996). "[I]n a bench trial, it is presumed

that the trial court considered the appropriate inferior and lesser-included offenses and defenses." *State v. Perez*, 8th Dist. Cuyahoga No. 91227, 2009-Ohio-959, ¶ 61, citing *Waters* at ¶ 11. As the record is silent on this issue, we cannot conclude that the trial court either failed to consider or improperly considered the inferior offense of aggravated assault.

{¶12} Lastly, the trial court apparently accepted McCartney's testimony which, if believed, demonstrated that Vimpeny knowingly punched him in the side of his head and resulted in him eventually losing consciousness and needing to be rushed to the hospital. Although Vimpeny attempted to show through direct and cross-examination that he acted in self-defense, the trial judge was free to weigh the evidence bearing on the issue of self-defense, and to the extent it was not convincing, the trial court could assign whatever weight it deemed appropriate. After reviewing the record, we cannot conclude that the trier of fact lost its way and committed a manifest miscarriage of justice in convicting Vimpeny of felonious assault.

{¶13} Vimpeny's first assignment of error is overruled.

### Assignment of Error II

**The record on the awarded restitution is vague & conflicting. Determination of the issue at sentencing was an abuse of discretion. The sentencing should be remanded for a new hearing on restitution.**

{¶14} In his second assignment of error, Vimpeny argues that the trial court abused its discretion by ordering him to pay $48,609.00 in restitution to McCartney because there was not "sufficient evidence in the record from which the court [could] ascertain the amount of restitution to a reasonable degree of certainty." We decline to address this matter on the merits, however, since Vimpeny failed to preserve this issue for appellate review.

{¶15} In imposing a sentence for a felony, a court may order an offender to pay restitution "in an amount based on the victim's economic loss." R.C. 2929.18(A)(1).

If the court imposes restitution, the court may base the amount of restitution it orders on an amount recommended by the victim, the offender, a presentence investigation report, estimates or receipts indicating the cost of repairing or replacing property, and other information, provided that the amount the court orders as restitution shall not exceed the amount of the economic loss suffered by the victim as a direct and proximate result of the commission of the offense. If the court decides to impose restitution, the court shall hold a hearing on restitution if the offender, victim, or survivor disputes the amount.

*Id.*

{¶16} However, "[i]f a defendant fails to object to the restitution order the court imposes, he forfeits any error in the court's order, save for a claim of plain error." *State v. Ford*, 9th Dist. Summit No. 26073, 2012–Ohio–1327, ¶ 6, citing *State v. Ratliff*, 194 Ohio App.3d 202, 2011–Ohio–2313, ¶ 14 (2d Dist.) ("A defendant who does not dispute an amount of restitution, request a hearing, or otherwise object waives all but plain error in regards to the order of restitution."). Here, a review of the transcript from Vimpeny's sentencing hearing reveals that Vimpeny failed to either object to the amount of restitution ordered by the trial court or otherwise request a restitution hearing. Accordingly, Vimpeny has forfeited all but plain error on the issue of his ordered restitution. And again, Vimpeny has failed to make a plain-error argument on appeal and we decline so construct one on his behalf and then address it. *Coleman*, 2015-Ohio-2500, at ¶ 9.

{¶17} Vimpeny's second assignment of error is overruled.

III.

{¶18} With both of Vimpeny's assignments of error having been overruled, the judgment of the Lorain County Court of Common Pleas is affirmed.

Judgment affirmed.

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JULIE A. SCHAFER
FOR THE COURT

MOORE, P. J.
WHITMORE, J.
CONCUR.

APPEARANCES:

JOHN D. TOTH, Attorney at Law, for Appellant.

DENNIS P. WILL, Prosecuting Attorney, and ELIZABETH LINDBERG, Assistant Prosecuting Attorney, for Appellee.