[Cite as *State v. Swanson-Reed*, 2022-Ohio-1401.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 110724 |
| v. | : | |
| MONIQUE SWANSON-REED, | : | |
| Defendant-Appellant. | : | |

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** April 28, 2022

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-20-654951-A

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Stephanie Anderson, Assisting Prosecuting Attorney, *for appellee*.

The Goldberg Law Firm and Adam Parker, *for appellant*.

EMANUELLA D. GROVES, J.:

{¶ 1} Defendant-appellant, Monique Swanson-Reed ("Swanson-Reed"), appeals her conviction following a bench trial. For the reasons set forth below, we affirm.

{¶ 2} In December 2020, a grand jury indicted Swanson-Reed on one count of robbery, a felony of the third degree. Swanson-Reed pled not guilty at her arraignment; several pretrials were conducted, and after Swanson-Reed waived her right to a jury trial, a bench trial commenced on July 15, 2021.

{¶ 3} The sole witness for the state, Sheryl Stanton Taylor ("Taylor"), a home health aide, testified that after work on July 3, 2020, she went shopping to pick up items for a trip she was planning to take with her boyfriend to Florida. Taylor admittedly did not remember everything she did that day. She guessed she may have had a drink or more at some point but did not recall specifics about things that happened prior to her encounter with Swanson-Reed. She denied being drunk, however. Taylor did remember it was dark when she finally drove to her boyfriend's apartment.

{¶ 4} On the way from the car to the apartment, Taylor's shopping bag broke. She quickly grabbed her items and sat down on a nearby bench. Taylor testified that Swanson-Reed ran up to her. Taylor did not know Swanson-Reed; however, she recognized Swanson-Reed as someone who stays in the apartment building where her boyfriend and one of her client's lives. According to Taylor, Swanson-Reed made a smart remark about Taylor going through a "distressful" time because her shopping bag broke. Taylor said "whatever" and turned away. She heard Swanson-Reed say, "what?" and then Swanson-Reed snatched Taylor's purse off her shoulder and threw it to the ground. As a result, approximately $300 fell out

of the purse unto the ground. Swanson-Reed bent down, swept up all the money and ran into the apartment building.

{¶ 5} Taylor followed Swanson-Reed into the building and called 911 to report the incident. The call to police was placed around 12:54 a.m. Taylor believed that she waited for the police outside the apartment building. When the police arrived, they and Taylor went to Swanson-Reed's apartment and knocked on the door. No one answered. Taylor could tell someone was inside the apartment because she could hear a TV playing.

{¶ 6} The defense called Swanson-Reed as its sole witness. Swanson-Reed testified that she and her neighbor were sitting on a bench outside of her apartment building. Swanson-Reed fixed the time at about 6 or 7 p.m. and noted that it was starting to get dark. Swanson-Reed saw Taylor arrive and get out of her car. Throughout her testimony, Swanson-Reed referred to Taylor as "Shirley." According to Swanson-Reed, Taylor appeared drunk. Swanson-Reed testified Taylor's clothes were awry. Swanson-Reed also recognized Taylor as someone she had seen in the building, but otherwise they had no interaction. Swanson-Reed testified that Taylor walked to the bench where Swanson-Reed and her neighbor were sitting. Swanson-Reed immediately got up to avoid Taylor, because she was intoxicated. As she walked away, Swanson-Reed looked back and noticed that Taylor had dropped her belongings. She observed several people stop to help Taylor gather her belongings. Swanson-Reed denied interacting with Taylor or taking her

money. She then went into her apartment. Swanson-Reed claimed it was still daylight when she went into her apartment.

{¶ 7} Swanson-Reed admitted that people knocked on her door "all night." She specifically said "people" were knocking, then changed her testimony to say that it was Taylor knocking on her door all night. Swanson-Reed did not open the door to see who was knocking, but she was sure it was Taylor. She testified that Taylor was "raising hell" outside in the yard and that later she could hear Taylor outside her apartment door. When pressed, Swanson-Reed admitted that the police came to her door that night.

{¶ 8} During cross-examination, the prosecutor asked Swanson-Reed several questions about her prior convictions. After further development of the testimony, it became clear that Swanson-Reed had one conviction for attempted felonious assault within the past ten years. However, the state alluded to an extensive felony history during questioning, referencing convictions that were outside of a ten-year period.

{¶ 9} The defense made Crim.R. 29 motions for acquittal after the close of the state's case and after the close of testimony, which the trial court denied. During closing argument, the state again referred to Swanson-Reed's violent history. After closing arguments, the trial court found Swanson-Reed guilty of the lesser included offense of theft, a misdemeanor of the first degree. The trial court immediately proceeded to sentencing. The trial court sentenced Swanson-Reed to 180 days,

suspended the sentence, and placed Swanson-Reed on probation for one year. The court also ordered Swanson-Reed to pay Taylor restitution of $300.

{¶ 10} Swanson-Reed now appeals, assigning the following three errors for review:

### Assignment of Error No. 1

Appellant's conviction was not supported by sufficient evidence.

### Assignment of Error No. 2

Appellant's conviction was against the manifest weight of the evidence.

### Assignment of Error No. 3

The State used Appellant's prior conviction for improper purposes.

## Sufficiency of the Evidence

{¶ 11} In the first assignment of error, Swanson-Reed argues her conviction was not supported by sufficient evidence. We disagree.

{¶ 12} "A challenge to the sufficiency of the evidence supporting a conviction requires a determination of whether the state met its burden of production." *State v. Hunter*, 8th Dist. Cuyahoga No. 86048, 2006-Ohio-20, ¶ 41, citing *State v. Thompkins,* 78 Ohio St.3d 380, 390, 678 N.E.2d 541 (1997). Sufficiency of the evidence involves a review of the evidence admitted at trial and a determination of "'whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt.'" *State v. Goins*, 8th Dist. Cuyahoga No. 109497, 2021-Ohio-1299, ¶ 13, quoting *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), paragraph two of the syllabus. We must determine, "whether,

after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *Id.* The question is not "'whether the state's evidence is to be believed, but whether, if believed, the evidence against a defendant would support a conviction.'" *Id.*, quoting *State v. Thompkins* at 390, 678 N.E.2d 541.

{¶ 13} In order for the appellant to be convicted of theft, the state had to prove beyond a reasonable doubt that Swanson-Reed did knowingly obtain control over Taylor's property, i.e., $300, with the purpose to deprive Taylor of it.

{¶ 14} Taylor testified that she recognized Swanson-Reed from around the area but did not know her. Swanson-Reed knocked Taylor's purse off her shoulder, and when the purse dropped to the ground exposing her money, Swanson-Reed bent down and swooped it up and ran away. Taylor immediately called the police. Taylor's 911 call was introduced into evidence corroborating her testimony. Taylor testified that when the police arrived, they knocked on Swanson-Reed's door but she did not answer it. Swanson-Reed corroborated this testimony stating that Taylor knocked on her door that night. She also admitted that the police came to her door that night.

{¶ 15} Based on this record, there was sufficient evidence if believed by the trier of fact to support finding Swanson-Reed guilty of theft beyond a reasonable doubt.

{¶ 16} Accordingly, we overrule the first assignment of error.

## Weight of the Evidence

{¶ 17} In the second assignment of error, Swanson-Reed argues her conviction was against the manifest weight of the evidence. We disagree.

{¶ 18} "'[W]eight of the evidence involves the inclination of the greater amount of credible evidence.'" *State v. Harris*, 8th Dist. Cuyahoga No. 109060, 2021-Ohio-856, ¶ 32, quoting *Thompkins*, 78 Ohio St.3d 380 at 387, 678 N.E.2d 541. Weight of the evidence relates to "'the evidence's effect of inducing belief.'" *Id.*, quoting *State v. Wilson*, 113 Ohio St.3d 382, 2007-Ohio-2202, 865 N.E.2d 1264, ¶ 25, citing *Thompkins* at 386-387. The reviewing court must consider all of the evidence in the record, the reasonable inferences to make from it, and the credibility of the witnesses to determine "'whether in resolving conflicts in the evidence, the factfinder clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.'" *Id.*, citing *Thompkins* at 387, quoting *State v. Martin*, 20 Ohio App.3d 172, 485 N.E.2d 717 (1st Dist.1983).

{¶ 19} Furthermore, in examining the manifest weight of the evidence, "the weight to be given the evidence and the credibility of the witnesses are primarily for the finder of fact." *State v. Metz*, 8th Dist. Cuyahoga Nos. 107212, 107246, 107259, and 107261, 2019-Ohio-4054, ¶ 70, citing *State v. DeHass*, 10 Ohio St.2d 230, 227 N.E.2d 212 (1967), paragraph one of the syllabus. The trier of fact may "'believe or disbelieve any witness or accept part of what a witness says and reject the rest.'" *Id.*, quoting *State v. Antill*, 176 Ohio St. 61, 67, 197 N.E.2d 548 (1964). "'[A]n appellate

court may not substitute its own judgment for that of the finder of fact.'" *Harris* at ¶ 33, quoting, *State v. Maldonado*, 8th Dist. Cuyahoga No. 108907, 2020-Ohio-5616, ¶ 40, citing *State v. Awan*, 22 Ohio St.3d 120, 123, 489 N.E.2d 277 (1986).

{¶ 20} In finding Swanson-Reed guilty of theft, the trial court found that Taylor was credible. The court summarized its findings stating that the two encountered each other on a bench, near the apartments and a community center. The court further found that there was credible evidence that when the money fell on the ground, the defendant took it. The court cited the 911 call as corroboration that the theft occurred on the day it was recorded.

{¶ 21} Our independent review of the record supports the trial court's findings. Furthermore, Swanson-Reed's admission that the police knocked on her door and that she didn't answer it, is additional corroboration for Taylor's testimony.

{¶ 22} Swanson-Reed argues that Taylor's testimony was confusing and lacked detail. She also points to testimony from Taylor that Swanson-Reed called the police on her, arguing that that testimony evidenced a motive for Taylor to lie. However, after a thorough review of the record, we find that Taylor was referencing an incident that happened after the theft. Taylor indicated that after the theft Swanson-Reed called the police on her every time she went to visit her boyfriend.

{¶ 23} Based on the foregoing, we find that Swanson-Reed's conviction was supported by the greater weight of the evidence. Accordingly, we overrule the second assignment of error.

## Improper Introduction of Prior Convictions

{¶ 24} In the third assignment of error, Swanson-Reed argues that she was prejudiced by the state's improper use of her prior record. Specifically, Swanson-Reed argues that the state introduced her prior record to create an inference that she was the type of person who was likely to commit a crime, in violation of Evid.R. 404(B).

{¶ 25} Essentially, Evid.R. 404(B) is designed to prevent the introduction of proof that an accused has committed a crime, other than the one for which he is on trial, when the sole purpose is to show that the accused has a propensity or inclination to commit crime. *State v. Hartman*, 161 Ohio St.3d 214, 2020-Ohio-4440, 161 N.E.3d 651, ¶ 20-21. For that reason, Evid.R. 404(B) provides: "Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith."

{¶ 26} In the instant case, the state asked Swanson-Reed a number of questions about her criminal history. The defense objected to some of these questions, and those objections were sustained. Ultimately, the trial court held a side bar after which the parties stipulated that Swanson-Reed had one prior conviction in the past ten years. Nevertheless, the state began its closing argument by stating, "Your Honor, Ms. Swanson-Reed has a violent history, as this court is aware."

{¶ 27} The state's line of questioning and its closing argument are troubling. However, this was a bench trial. In a bench trial, "the trial court is presumed to know the applicable law and apply it accordingly." *State v. Waters*, 8th Dist. Cuyahoga No. 87431, 2006-Ohio-4895, ¶ 18. Furthermore, it is presumed that the trial court will "consider only reliable, relevant, and competent evidence unless it affirmatively appears to the contrary." *Id.*, citing *State v. Richey*, 64 Ohio St.3d 353, 595 N.E.2d 915 (1992).

{¶ 28} In the instant case, notwithstanding the state's allusions to Swanson-Reed's "violent history," the trial court found there was insufficient evidence to find Swanson-Reed guilty of the indicted offense of robbery, but sufficient evidence to find her guilty of theft. We conclude the trial court properly considered the evidence and was not improperly swayed by the prosecution's statement.

{¶ 29} Accordingly, we overrule the third assignment of error.

{¶ 30} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EMANUELLA D. GROVES, JUDGE

EILEEN A. GALLAGHER, P.J., and
MARY J. BOYLE, J., CONCUR