[Cite as *State v. McCollum*, 2025-Ohio-3254.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | | |
|---|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. | C-250051 |
| | | TRIAL NO. | C/24/CRB/11945 |
| Plaintiff-Appellee, | : | | |
| vs. | : | | |
| STEPHANIE MCCOLLUM, | : | | |
| | | *JUDGMENT ENTRY* | |
| Defendant-Appellant. | : | | |

This cause was heard upon the appeal, the record, and the briefs.

For the reasons set forth in the Opinion filed this date, the judgment of the trial court is affirmed.

Further, the court holds that there were reasonable grounds for this appeal, allows no penalty, and orders that costs be taxed under App.R. 24.

The court further orders that (1) a copy of this Judgment with a copy of the Opinion attached constitutes the mandate, and (2) the mandate be sent to the trial court for execution under App.R. 27.

**To the clerk:**

**Enter upon the journal of the court on 9/10/2025 per order of the court.**

**By:**_____
        **Administrative Judge**

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO


STATE OF OHIO,  :  APPEAL NO.  C-250051
 TRIAL NO.  C/24/CRB/11945

    Plaintiff-Appellee,  :

vs.  :

STEPHANIE MCCOLLUM,  :  *O P I N I O N*

    Defendant-Appellant.  :

 :


Criminal Appeal From: Hamilton County Municipal Court

Judgment Appealed From Is: Affirmed

Date of Judgment Entry on Appeal: September 10, 2025

*Connie Pillich*, Hamilton County Prosecuting Attorney, and *Judith Anton Lapp,* Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Raymond T. Faller*, Hamilton County Public Defender, and *Joshua A. Thompson*, Assistant Public Defender, for Defendant-Appellant.

**KINSLEY, Presiding Judge.**

**{¶1}** Defendant-appellant Stephanie McCollum appeals the judgment of the Hamilton County Municipal Court finding her guilty of aggravated menacing in violation of R.C. 2903.21, a misdemeanor of the first degree. Raising a single assignment of error, McCollum argues that her conviction was against the manifest weight of the evidence presented at her bench trial. As explained in this opinion, we disagree. We therefore affirm the judgment of the trial court.

### *Factual and Procedural History*

**{¶2}** McCollum was previously employed as a chef at Brookwood Retirement Community. An incident occurred at the retirement facility on July 14, 2024, between McCollum and a group of her kitchen coworkers. As a result, McCollum was charged with a single count of aggravated menacing. She elected to try her case to the trial court rather than a jury.

**{¶3}** The first witness to testify at trial was T.B., who also worked at Brookwood with McCollum. T.B. explained that McCollum approached him on the day of the incident about the way he and the other coworkers had been treating an employee named Ben. According to McCollum, the group had been bullying Ben, believing that his pace in washing dishes was too slow. As other coworkers arrived, things got out of hand when McCollum also confronted them about Ben. McCollum argued with M.W., a younger teenager who worked at the retirement facility, and then pointed a knife at M.W.'s older brother, M.B. T.B. watched M.B. wrestle the knife away from McCollum.

**{¶4}** J.K., another Brookwood coworker and M.W.'s cousin, also testified. He too relayed that McCollum confronted them about their treatment of Ben. Like T.B., J.K. testified that McCollum verbally argued with M.W. He added that McCollum

attempted to physically fight M.W. before M.B. intervened. Like T.B., J.K. witnessed McCollum waving a knife at M.B. J.K. and T.B. had to physically separate McCollum and M.B. M.B.'s shirt was torn.

{¶5} M.W. testified to the same events. She indicated that McCollum confronted her and attempted to start a fight. M.W., who was 14 years old at the time, called her mother to report that McCollum, an adult, was trying to start an altercation. As M.W. was on the phone with her mother, she saw McCollum obtain a knife and wield it at her brother, M.B. M.B. restrained McCollum so that she did not stab him, and his shirt was torn in the process.

{¶6} M.B. also relayed a similar version of events. McCollum accused the group of bullying Ben, then McCollum approached his sister, M.W., aggressively. When he attempted to intervene, McCollum wielded a knife at him and made threats towards him. He believed she intended to harm him, so he acted to restrain her and to remove the knife.[1]

{¶7} Corporal Jason Hovekamp of the Hamilton County Sheriff's Office arrived at Brookwood in response to calls for assistance regarding a knife fight. Hovekamp interviewed McCollum, who admitted that a physical altercation had occurred and that she had brandished a knife. Hovekamp did not recall seeing any observable physical injuries on McCollum's person.

{¶8} McCollum testified in her defense. McCollum agreed that she talked with her coworkers about their treatment of Ben, which she believed to be unfair. She also explained that the discussion led to various disagreements among the group,

---

[1] Although another person was initially identified as the victim of the aggravated menacing in the complaint, the State moved to amend the complaint at trial to name M.B. as the victim. The trial court granted this motion.

including one in which M.W. told her to "shut up." She contended that M.B. pushed her into a wall following her argument with M.W. and that she was injured as a result. She admitted to having a knife, but contended that it was only for food preparation and that she did not display it during the altercation.

{¶9} After hearing the evidence, the trial court convicted McCollum of aggravated menacing. In reaching its guilty verdict, it credited the coworkers' testimony, finding them to be consistent and nonevasive. The trial court believed the coworkers' testimony that McCollum wielded a knife in a threatening manner towards M.B., causing him to restrain her. The trial court also noted that McCollum admitted having a knife and that her testimony in court was different from what she told Hovekamp at the scene. It sentenced McCollum to one day in jail, with credit for the one day she had already served. It imposed no fine and remitted court costs.

{¶10} McCollum appeals.

*Analysis*

{¶11} In her sole assignment of error, McCollum argues that her conviction is against the manifest weight of the evidence. In support of this contention, she alleges that her coworkers were not credible and that their testimony was biased and fabricated, given their close relationship with one another.

{¶12} When considering a challenge to the weight of the evidence, the court must consider the credibility of the witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created a manifest miscarriage of justice. *State v. Thompkins*, 78 Ohio St.3d 380, 387 (1997). A verdict can be set aside as against the manifest weight of the evidence even though supported by legally sufficient evidence. *State v. Myers*, 2018-Ohio-1903, ¶ 140. In assessing a manifest-weight challenge, the court reviews the entire record, weighs the evidence

and all reasonable inferences, and considers the credibility of all witnesses. *State v. McKelton*, 2016-Ohio-5735, ¶ 328. It then determines whether the trier of fact clearly lost its way in resolving conflicts in the evidence and created such a manifest miscarriage of justice that the conviction must be reversed. *State v. Wilks*, 2018-Ohio-1562, ¶ 140.

{¶13} The offense of aggravated menacing, as defined by R.C. 2903.21, occurs when a person "knowingly cause[s] another to believe that the offender will cause serious physical harm to the person or property of the other person, the other person's unborn, or a member of the other person's immediate family." Considering the record below, the trial court did not clearly lose its way in finding that McCollum committed this offense.

{¶14} Four witnesses with first-hand knowledge of the July 14, 2024 altercation—T.B., J.K., M.W., and M.B.—testified that McCollum wielded a knife at M.B. after he attempted to intervene in a dispute between McCollum and his sister. M.B. testified that he felt threatened by McCollum, so much so that he physically restrained her to prohibit her from stabbing him. Several witnesses confirmed that M.B.'s shirt was ripped in the process. The trial court found this testimony to be believable and credible.

{¶15} McCollum herself admitted to Hovekamp at the scene that an altercation occurred and that she brandished a knife. While at trial she attempted to distance herself from this admission by suggesting the knife was for food preparation, but the trial court did not accept that explanation.

{¶16} McCollum contends that her coworkers were biased because they were either related (M.W. and M.B. are siblings, and J.K. is M.W.'s cousin) or friends (T.B. and J.K. are friends). But their relationships were exposed at trial, and the trial court

found their testimony to be reliable nonetheless. Nothing in the record suggests that McCollum's coworkers coordinated their testimony or were otherwise motivated by their connections to falsely accuse McCollum.

**{¶17}** The trial court was in the best position to weigh the credibility of the witnesses and interpret their demeanor at trial. *State v. Reynolds*, 2021-Ohio-963, ¶ 16 (1st Dist.). We see no reason to disturb the trial court's findings that the testimony of McCollum's coworkers was credible.

**{¶18}** Therefore, there is nothing in the record to indicate that the trial court clearly lost its way or that McCollum's conviction constitutes a manifest miscarriage of justice. We accordingly overrule McCollum's assignment of error and affirm the judgment of the trial court.

Judgment affirmed.

**CROUSE** and **NESTOR, JJ.,** concur.