[Cite as *Cleveland v. Roche*, 2012-Ohio-806.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 96801**

## CITY OF CLEVELAND

PLAINTIFF-APPELLEE

vs.

## WILLIAM ROCHE

DEFENDANT-APPELLANT

**JUDGMENT:
AFFIRMED**

Criminal Appeal from the
Cleveland Municipal Court
Case No. 2010 CRB 046113

**BEFORE:** Jones, J., Boyle, P.J., and Celebrezze, J.

**RELEASED AND JOURNALIZED:** March 1, 2012

**ATTORNEY FOR APPELLANT**

Ronald A. Skingle
2450 St. Clair Avenue
Cleveland, Ohio 44114


**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor

BY: Aqueelah A. Jordan
        Victor R. Perez
Assistant County Prosecutors
The Justice Center, 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113

LARRY A. JONES, SR., J.:

{¶1} Defendant-appellant, William Roche, appeals his conviction for criminal damaging.   We affirm.

{¶2} In 2010, Roche was charged with a single count of criminal damaging.   He waived his right to a jury trial and the matter was tried to the bench.   The following pertinent evidence was adduced.

{¶3} On November 26, 2010, Leonzo Bufford was at home with his girlfriend and her two children.   Bufford testified that right before 10 p.m., he heard the sound of a window shattering in his second-floor apartment.   He discovered that something had broken through the front window, passed through the room, and broke the rear window. The next day, he viewed video taken from the apartment complex's security cameras and saw someone that "looked close to [Roche]" entering and exiting the apartment complex around 10 p.m.   Bufford knew Roche because his girlfriend used to date him; he estimated he had seen Roche 20-30 times in the past.

{¶4} 14-year-old "D.R." testified that he was with his brother and mother in Bufford's apartment that evening and saw Roche throw the rock at Bufford's window. D.R. testified he was sitting at a desk and as his brother came over and reached for a video game, his brother bumped the curtain, causing it to open.   D.R. looked out the window and saw Roche, who had a rock in his hand.   According to D.R., Roche was standing under a streetlight and he saw Roche's face for about 10 seconds before Roche threw the rock at the window.   D.R. ducked and the rock went through the window,

nearly missing him.

{¶5} Roche presented two alibi witnesses. Patrick Barnes testified that Roche brought him a holiday dinner the evening of November 26 and stayed at his house until 11 p.m. He told the court that he lived 15-20 minutes away from Bufford's apartment. He further testified that Roche had a "lady friend" with him. Carolyn Brookins testified that she received a call from Roche at 10 p.m. on November 26. She and a friend met him at a bar at 10:20 p.m.

{¶6} The court convicted Roche of criminal damaging and sentenced him to 90 days in jail with all but one day of the sentence suspended and one year of probation.

{¶7} Roche now appeals, raising two assignments of error for our review, in which he argues that his conviction was not supported by sufficient evidence and was against the manifest weight of the evidence.

{¶8} Although sufficiency and manifest weight are different legal concepts, manifest weight may subsume sufficiency in conducting the analysis; that is, a finding that a conviction is supported by the manifest weight of the evidence necessarily includes a finding of sufficiency. *State v. McCrary*, 10th Dist. No. 10AP-881, 2011-Ohio-3161, 2011 WL 2536451, ¶ 11, citing *State v. Braxton*, 10th Dist. No. 04AP–725, 2005-Ohio-2198, 2005 WL 1055819, ¶ 15. Thus, a determination that a conviction is supported by the weight of the evidence will also be dispositive of the issue of sufficiency. *Id.* We find the manifest weight of the evidence argument dispositive here.

{¶9} The weight of the evidence concerns the inclination of the greater amount of credible evidence offered to support one side of the issue rather than the other. *State v. Thompkins*, 78 Ohio St.3d 380, 387, 678 N.E.2d 541 (1997). Although there may be sufficient evidence to support a judgment, a court may nevertheless conclude that a judgment is against the manifest weight of the evidence. *Id.*

{¶10} When presented with a challenge to the manifest weight of the evidence, an appellate court may not merely substitute its view for that of the trier of fact, but must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses, and determine whether in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. *Id.* An appellate court should reserve reversal of a conviction as being against the manifest weight of the evidence for only the most "exceptional case in which the evidence weighs heavily against the conviction." *Id.*

{¶11} Here, Roche was charged with a violation of Cleveland Codified Ordinances 623.02, which provides in pertinent part that "no person shall cause, or create a substantial risk of physical harm to any property of another without the other person's consent * * * knowingly, by any means * * * or recklessly, by means of * * * [any] inherently dangerous agency or substance."

{¶12} Bufford testified that he heard glass shatter at approximately 10 p.m. and discovered that a rock had broken through two of his apartment's windows. His

girlfriend's son, D.R., testified that he was sitting at a desk when he looked out the apartment window and saw Roche with a rock in his hand and further saw him throw the rock towards Bufford's window. The next day, Bufford viewed surveillance video and saw a person matching Roche's "build and height" entering and exiting the apartment complex around the time his windows were broken.

{¶13} Roche claims that his witnesses should be believed over the city's. But it is within the trier of facts' province to determine credibility. Moreover, Roche's witnesses contradicted each other. Barnes testified that Roche was at his place eating dinner until 11 p.m. Brookins testified she met Roche at a bar for a drink at 10:20 p.m.

{¶14} Based on these facts, we find that the trial court did not clearly lose its way and create a manifest miscarriage of justice when it determined that Roche caused physical harm to Bufford's property; therefore, Roche's conviction for criminal damaging was not against the manifest weight of the evidence. This conclusion is, therefore, also dispositive of Roche's claim that his conviction was not supported by sufficient evidence.

{¶15} Accordingly, the first and second assignments of error are overruled.

{¶16} Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cleveland Municipal Court to carry this judgment into execution. The defendant's conviction

having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
LARRY A. JONES, SR., JUDGE

MARY J. BOYLE, P.J., and
FRANK D. CELEBREZZE, JR., J., CONCUR