[Cite as *Cleveland v. Brown*, 2026-Ohio-1046.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

CITY OF CLEVELAND, : 

    Plaintiff-Appellee, : 

                              No. 115332

    v. : 

TONY C. BROWN, : 

    Defendant-Appellant. : 

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** March 26, 2026

---

Criminal Appeal from the Cleveland Municipal Court
Case No. 2024-CRB-009699

---

### *Appearances:*

Mark Griffin, Cleveland Director of Law, Aqueelah A. Jordan, Chief Prosecutor, and Elizabeth A. Graham, Assistant Prosecutor, *for appellee.*

Dunham Law, LLC and Michael P. Dunham, *for appellant.*

EILEEN T. GALLAGHER, P.J.:

{¶ 1} Appellant Tony C. Brown ("Brown") appeals his conviction for criminal damaging or endangering. He raises five assignments of error:

    1. The trial court erred by not providing Mr. Brown with an accurate transcript of the proceeding in violation of Mr. Brown's right to due

process of law under the U.S. Constitution Amend. V, U.S. Con. Amend. VI, U.S. Con. Amend. XIV, and Ohio Con. Art. I.

2. The conviction was made against the manifest weight of the evidence and with insufficient evidence in violation of Mr. Brown's right to due process of law and a fair trial under the U.S. Con. Amend. V, U.S. Con. Amend. VI, U.S. Con. Amend. XIV, and Ohio Con. Art. I.

3. The trial court abused its discretion and violated Mr. Brown's right to due process of law and a fair trial under U.S. Con. Amend. V, U.S. Con. Amend. VI, U.S. Con. Amend. XIV, and Ohio Con. Art. I in its evidentiary rulings.

4. Trial counsel was ineffective in violation of Mr. Brown's right to counsel, a fair trial, and due process under U.S. Con. Amend. V, U.S. Con. Amend. VI, U.S. Con. Amend XIV, and Ohio Con. Art I.

5. The cumulative effect of the errors of the trial court merits reversal under the doctrine of cumulative error.

{¶ 2} After a thorough review of the applicable law and facts, we find that (1) the trial court did not err with regard to the transcript or its evidentiary rulings, (2) Brown did not receive ineffective assistance of counsel, and (3) Brown's conviction was supported by sufficient evidence and not against the manifest weight of the evidence. We overrule all of the assignments of error and affirm the judgment of the trial court.

## I. Factual and Procedural History

{¶ 3} Brown was charged with one count of criminal damaging or endangering, a misdemeanor of the second degree, in violation of Cleveland Cod. Ord. 623.02. The case was tried to the bench.

{¶ 4} At trial, the City of Cleveland ("City") presented the testimony of Cleveland Police Officer Diovanni Smith ("Officer Smith"). Officer Smith testified

that he responded to a call at 7111 Ivy Avenue, Cleveland, Ohio. (Tr. 14.) When he arrived, he spoke to the victim, J.N., who told him that she had witnessed Brown come to her home in a purple Nissan vehicle and drive it into the corner siding of her residence. (*Id.*) Officer Smith observed the damage to the house, which was also captured on his body camera. (*Id.*) According to Officer Smith, the incident occurred between 12:00 and 1:30 p.m. (Tr. 15.)

{¶ 5} Officer Smith wrote his report of the incident based upon the victim's statement. (Tr. 16.) He acknowledged on cross-examination that he never spoke with Brown and that he did not take any pictures of the damage to the residence. (*Id.*) Officer Smith confirmed that he likely referred J.N. to the prosecutor's office in order to obtain a temporary protection order against Brown. (Tr. 21.)

{¶ 6} J.N. testified that she had previously been in a relationship with Brown that had ended in 2009 or 2010 and that Brown is the father of her daughter. (Tr. 24.) J.N. stated that on the day in question, she observed Brown driving a purple Nissan SUV. (Tr. 25 and 27.) She saw him hit the side of her home and then "zoomed on off." (Tr. 25 and 61.) She stated that this had occurred "around quarter to 12." (Tr. 26.) J.N. testified that she had previously seen Brown driving the same vehicle. (Tr. 25-27.)

{¶ 7} On cross-examination, J.N. acknowledged that she told the police that she believed that Brown had intentionally damaged her home because she broke up with him; she further agreed that the two had broken up in 2009 or 2010. (Tr. 27.) She stated that she provided the license plate information for the purple Nissan to

Officer Smith but it was not put in his report. (Tr. 28.) J.N. testified that she had taken pictures of the damage to her house that she had provided to police. (Tr. 32-33.)

{¶ 8} At the conclusion of the City's case-in-chief, Brown moved for acquittal under Crim.R. 29. He argued that the mens rea element of knowingly or recklessly had not been demonstrated.

{¶ 9} The court denied the motion, and Brown called his only witness, Ato Mungin ("Mungin"). During his testimony, Mungin stated that he had known Brown for over five years and that he was a good friend. (Tr. 42, 47, and 49.) He testified that on the day in question he was rehabbing his house at 9528 Lamontier and that Brown was helping him. (Tr. 43.) Mungin stated that he had picked up Brown from his residence at approximately 9:30 or 10:00 in the morning and they were at Mungin's house until "about 3:00" when he took Brown to his home. (Tr. 43 and 52.) He testified that Brown had been helping him Monday through Friday from August through October that year. (Tr. 43-44.)

{¶ 10} On cross-examination, Mungin admitted that he did not have any receipts for any of the work performed with Brown that day and that he did not pay Brown. (Tr. 51 and 54.)

{¶ 11} At the conclusion of the bench trial, Brown was found guilty of criminal damaging or endangering. He was sentenced to 30 days in jail, with the sentence suspended; he was also placed on active probation for six months and ordered to

pay $275 in restitution. Brown moved to stay execution of his sentence, which was granted by the trial court, and the instant appeal followed.

## II. Law and Analysis

### A. Inaccurate Transcript

{¶ 12} In his first assignment of error, Brown argues that his due-process rights were violated because the transcript from the trial is incomplete because of the failure of the audio-recording device. Specifically, he contends that the testimony of the victim and of his alibi witness were incomplete and multiple objections made by his trial counsel were inaudible.

{¶ 13} Following the filing of his merit brief, Brown moved this court for an order remanding the case to the trial court to clarify the record and either (1) produce a statement of the evidence or proceedings under App.R. 9(C), (2) produce an agreed statement of the record under App.R. 9(D), or (3) produce a correction or modification of the record under App.R. 9(E). Brown's motion for remand was denied because he had already filed his merit brief and therefore, a remand to clarify the "inaudible" portions of the transcript was moot.

{¶ 14} The same reasoning applies to the resolution of Brown's first assignment of error. Brown has not shown that he was prejudiced by any of the inaudible parts of the transcript. He does not argue that any specific gap prevented him from asserting error nor did he assert any assignment of error that could not be considered because of gaps in the transcript. Moreover, he does not argue that if any inaudible or other gap were filled in, it would evidence error. In essence, he

contends that the mere existence of gaps in the trial transcript resulted in a per se violation of his due-process rights.

> "[I]t is incumbent upon Defendant to demonstrate how incompleteness in the record precludes effective appellate review. A general assertion that this is so will not suffice. Defendant must demonstrate that effective review will be precluded, and that prejudice will result from the incompleteness of the record. *State v. Williams*, 73 Ohio St.3d 153, 1995-Ohio-275, 652 N.E.2d 721 (1995). Absent an indication that Defendant has been prejudiced by the absence of items from the record, reversible error has not been demonstrated. *Id.*"

*Cleveland v. McGervey*, 2022-Ohio-3911, ¶ 24 (8th Dist.), quoting *State v. Walton*, 2006-Ohio-1974, ¶ 13 (2d Dist.).

{¶ 15} We cannot find any violation of Brown's due-process rights based on his vague claims of an inadequate transcript with no specific instances where he claims that he was prejudiced. Brown's first assignment of error is overruled.

## B. Manifest Weight of the Evidence and Sufficiency of the Evidence

{¶ 16} In his second assignment of error, Brown argues that his convictions were not supported by sufficient evidence and were against the manifest weight of the evidence. Specifically, Brown contends that the City failed to prove beyond a reasonable doubt that he was present at the crime scene and failed to disprove his alibi defense beyond a reasonable doubt. In addition, he asserts that there was no evidence admitted to prove actual damage to the property.

{¶ 17} Sufficiency and manifest weight are different legal concepts. However, manifest weight of the evidence may subsume sufficiency in conducting the analysis; that is, a finding that a conviction is supported by the manifest weight of the

evidence necessarily disposes of the issue of sufficiency. *State v. Jackson*, 2015-Ohio-1946, ¶ 11 (8th Dist.). Here, we find that Brown's conviction was supported by the manifest weight of the evidence and, therefore, that the evidence was sufficient.

{¶ 18} In a manifest-weight review of a bench-trial verdict — where the trial court serves as the factfinder in lieu of a jury — an appellate court will not reverse a conviction so long as the trial court could reasonably conclude from substantial evidence that the prosecution proved the offense beyond a reasonable doubt. *State v. Hughes-Davis*, 2025-Ohio-3151, ¶ 25 (8th Dist.), citing *State v. Crenshaw*, 2020-Ohio-4922, ¶ 23 (8th Dist.), and *State v. Worship*, 2022-Ohio-52, ¶ 34 (12th Dist.). In assessing whether a bench-trial verdict is against the manifest weight of the evidence, this court is guided by the following well-settled standard:

> [T]o warrant reversal from a bench trial under a manifest weight of the evidence claim, this court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether in resolving conflicts in evidence, the trial court clearly lost its way and created such a manifest miscarriage of justice that the judgment must be reversed and a new trial ordered.

*Crenshaw* at *id.*, quoting *State v. Bell*, 2019-Ohio-340, ¶ 41 (8th Dist.), citing *State v. Strickland*, 2009-Ohio-3906, ¶ 25 (8th Dist.).

{¶ 19} The Ohio Supreme Court has repeatedly held that "[a] manifest-weight challenge should be sustained "only in the exceptional case in which the evidence weighs heavily against the conviction."" *State v. Nicholson*, 2024-Ohio-604, ¶ 71, quoting *State v. Thompkins*, 78 Ohio St.3d 380, 387, (1997) quoting *State v. Martin*, 20 Ohio App.3d 172, 175 (1st Dist. 1983).

{¶ 20} Our manifest-weight analysis turns on the credibility of Officer Smith, J.N., and Mungin. With respect to a witness's credibility, when conducting a review under a manifest-weight challenge, we are mindful of the presumption in favor of the finder of fact and ""[i]f the evidence is susceptible of more than one construction, the reviewing court is bound to give it that interpretation which is consistent with the verdict and judgment, most favorable to sustaining the verdict and judgment."" *In re Z.C.*, 2023-Ohio-4703, ¶ 14, quoting *Seasons Coal Co. v. Cleveland*, 10 Ohio St.3d 77, 80, fn. 3, quoting 5 Ohio Jur.3d, Appellate Review, § 603, at 191-192 (1978). The underlying rationale of giving deference to the findings of the finder of fact is that "the finder of fact is in the 'best position to view the witnesses and observe their demeanor, gestures, and voice inflections that are critical observations in determining the credibility of a witness and his or her testimony.'" *State v. Jones*, 2025-Ohio-2866, ¶ 47 (8th Dist.), quoting *State v. Sheline*, 2019-Ohio-528, ¶ 100 (8th Dist.).

{¶ 21} The trial court was entitled to believe the City's evidence that Brown was present at the incident in question and responsible for the damage to J.N.'s residence. "It is within the trier of fact['s] province to determine credibility." *Cleveland v. Roche*, 2012-Ohio-806, ¶ 13 (8th Dist.). "A conviction is not against the manifest weight of the evidence simply because the trier of fact chose to believe the [prosecution's] version of events over the defendant's." *State v. Wells*, 2021-Ohio-2585, ¶ 40 (8th Dist.), citing *State v. Williams*, 2018-Ohio-3368, ¶ 67 (8th Dist.), citing *State v. Williams*, 2009-Ohio-3237, ¶ 17 (10th Dist.).

{¶ 22} Brown further contends that the City failed to disprove his alibi defense. However, Brown has not pointed us to any authority, nor can we locate any, that would require the City to *disprove* his alibi defense. Even with an alibi defense, the burden of proof remains with the prosecution to prove the defendant's guilt beyond a reasonable doubt. *State v. Reynolds*, 2021-Ohio-963, ¶ 9 (1st Dist.), citing *State v. Sorrels*, 71 Ohio App.3d 162, 167 (1st Dist. 1991). "'Accordingly, any doubt arising from the defendant's alibi goes to the weakness of the [prosecution's] case. If the doubt created either by the alibi, or by the weakness of the [prosecution's] case, or by both, rises to the level of reasonable doubt as to the defendant's guilt, an acquittal is required." *Id.,* quoting *id.*

{¶ 23} After a thorough review of the entire record, we cannot conclude that the finder of fact lost its way or created a manifest miscarriage of justice in finding Brown guilty of criminal damaging or endangering. Brown's conviction was not against the manifest weight of the evidence and was supported by sufficient evidence. His second assignment of error is overruled.

## C. Evidentiary Rulings

{¶ 24} In his third assignment of error, Brown argues that the trial court erred by (1) precluding him from proffering evidence that the victim had made prior, unsubstantiated complaints against him; and (2) allowing Officer Smith to testify about the victim's statement describing the vehicle used in the criminal damage.

{¶ 25} Brown sought to introduce evidence related to prior complaints against him made by J.N. Brown argues that this evidence should have been

admissible as impeachment evidence under Evid.R. 607.  The following exchange

occurred during cross-examination of J.N.:

> DEFENSE COUNSEL:  Okay.  Now this wasn't the first time that you've filed charges against Mr. Brown.
>
> PROSECUTOR:  Objection, your Honor.  This was not given to us.  We have no knowledge of any of these cases that were filed.  Uh, this is a (inaudible) evidence.  Judge, this is improper character evidence.
>
> DEFENSE COUNSEL:  Judge, this is extrinsic evidence.  It's not character evidence.  There has to be –
>
> PROSECUTOR:  You can't bring extrinsic evidence without notifying us of this.  Additionally –
>
> THE COURT:  Objection sustained.  Next question.

(Tr. 28-29.)

{¶ 26} The record reveals that after the trial court sustained the City's

objection to Brown cross-examining J.N. about prior charges filed against him,

Brown did not proffer the purported evidence into the record.   Although

Evid.R. 103(A)(2) provides that "offer of proof" is not necessary if "the substance of

the evidence . . . was apparent from the context within which questions were asked,"

the evidence was not apparent here.

{¶ 27} It is incumbent upon the party seeking to introduce evidence, be it

impeachment or otherwise, to proffer the evidence in order to preserve the record

for appeal.  Evid.R. 103(A)(2); *State v. Grubb*, 28 Ohio St.3d 199 (1986); *Jones v.

Capco*, 2003-Ohio-5807 (8th Dist.).  "Absent a proffer, a reviewing court has no way

of determining if the excluded evidence prejudiced the appellant." *State v. Martin*,

2008-Ohio-5263, ¶ 50 (8th Dist.), citing *In re Whaley*, 86 Ohio App.3d 304 (4th Dist. 1993). Accordingly, if a proffer is not made, the party seeking to introduce the subject evidence waives the error on appeal. *Id.*, citing *Frazier by Lawson v. Ullom Realty, Inc.* 1998 Ohio App. LEXIS 553 (4th Dist. Feb. 13, 1998).

{¶ 28} Since Brown did not proffer the impeachment evidence he sought to use at trial, he has waived any argument regarding it on appeal. While Brown argues that the trial court precluded him from proffering the evidence, we find nothing in the record to support this assertion.

{¶ 29} With regard to Officer Smith's testimony, Brown acknowledges that there was no objection made and thus, we can only find plain error. Pursuant to Crim.R. 52(B):

> [A] plain error affecting a substantial right may be noticed by an appellate court even though it was not brought to the attention of the trial court. However, an error rises to the level of plain error only if, but for the error, the outcome of the proceedings would have been different. *State v. Harrison*, 122 Ohio St.3d 512, 2009-Ohio-3547, 912 N.E.2d 1106, ¶ 61; *State v. Long*, 53 Ohio St.2d 91, 97, 372 N.E.2d 804 (1978). "Notice of plain error . . . is to be taken with the utmost caution, under exceptional circumstances, and only to prevent a manifest miscarriage of justice." *Long* at 97.

*State v. Bouie*, 2019-Ohio-4579, ¶ 42 (8th Dist.).

{¶ 30} Brown argues that Officer Smith improperly testified about J.N.'s statement concerning the make and model of the vehicle used in the criminal damage. He contends that this was hearsay evidence and that Brown was not able to confront his accuser.

{¶ 31} "'Hearsay' is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Evid.R. 801(C). The Confrontation Clause of the Sixth Amendment to the United States Constitution provides: "In all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him." "The Confrontation Clause prohibits testimonial statements from being admitted unless the witness who made the statements is available to testify or the defendant has previously had an opportunity to cross-examine the witness." *State v. Mallory*, 2018-Ohio-1846, ¶ 20 (8th Dist.), citing *Crawford v. Washington*, 541 U.S. 36, 53-54 (2004).

{¶ 32} Here, J.N. testified at trial and was subject to cross-examination, thereby remedying any potential Confrontation Clause violation. Accordingly, this court is concerned only with whether the admission of the officer's testimony amounted to plain error. Even if we were to find that Officer Smith's testimony contained hearsay statements, Brown's substantial rights were not affected and no miscarriage of justice occurred by the admission of the statements because J.N. testified to the same information regarding the make and color of Brown's vehicle. Officer Smith's testimony was therefore duplicative, and we find no plain error.

{¶ 33} Brown's third assignment of error is overruled.

### D. Ineffective Assistance of Counsel

{¶ 34} In his fourth assignment of error, Brown argues that his trial counsel was ineffective by (1) failing to object to Officer Smith's testimony when it was

hearsay that violated the Confrontation Clause; (2) stipulating to Brown's identity at trial; and (3) not disclosing the evidence of prior false allegations by the alleged victim in this matter, which resulted in Brown being barred from proffering the evidence.

{¶ 35} To prevail on an ineffective-assistance-of-counsel claim, an appellant must show that defense counsel's performance was deficient and that the deficient performance prejudiced the defense, depriving the appellant of a fair trial. *Strickland v. Washington*, 466 U.S. 668, 687-688 (1984). Defense counsel's performance will not be deemed deficient unless it fell below an objective standard of reasonableness. *Id*. at 688. In order to show prejudice, appellant must establish that, but for their trial counsel's errors, there is a reasonable probability that the result of the trial would have been different. *Id*. at 694. A reviewing court "need not address both prongs of *Strickland* if an appellant fails to prove either prong." *State v. Carter*, 2017-Ohio-8847, ¶ 27 (9th Dist.), citing *State v. Ray*, 2005-Ohio-4941, ¶ 10 (9th Dist.). In applying the *Strickland* test, courts must always recall that properly licensed counsel is presumed competent, and trial counsel must be afforded deference regarding trial strategy. *In re Roque*, 2006-Ohio-7007, ¶ 11 (11th Dist.).

{¶ 36} We determined above that Officer Smith's testimony was properly admitted; as such, objecting would have been a futile act. "[T]he failure to do a futile act cannot be the basis for a claim of ineffective assistance of counsel, nor could such a failure be prejudicial." *State v. Nelson*, 2017-Ohio-5568, ¶ 77 (8th Dist.), citing

*State v. Knox*, 2013-Ohio-1662, ¶ 20 (8th Dist.), citing *State v. Ford*, 2007-Ohio-5722, ¶ 9 (8th Dist.).

{¶ 37} We further find that Brown's trial counsel was not ineffective when he stipulated to Brown's identity during Officer Smith's testimony. Stipulating to the defendant's identity has been noted to be a trial tactic. *See State v. Royal*, 2010-Ohio-5235, ¶ 16 (8th Dist.). Debatable trial tactics cannot form the basis for claims of ineffective assistance of counsel. *State v. Williams*, 2012-Ohio-4277, ¶ 18 (8th Dist.), citing *State v. Clayton*, 62 Ohio St.2d 45, 49 (1980). Regardless, even if trial counsel had not stipulated to Brown's identity, it is likely that J.N. would have identified Brown as the person who caused the damage to her house when she testified.

{¶ 38} Moreover, we cannot ascertain from the record any prejudice to the defendant from the stipulated identification. "The burden is on the defendant to establish that he was prejudiced by counsel's deficient performance." *Royal* at ¶ 17, citing *State v. Bradley*, 42 Ohio St.3d 136 (1989), paragraph one of the syllabus; *State v. Reynolds*, 80 Ohio St.3d 670, 674 (1998); *State v. Calhoun*, 86 Ohio St.3d 279 (1999). While Brown argues that the stipulation weakened his alibi defense, he does not elaborate as to how he was actually prejudiced.

{¶ 39} Finally, Brown's trial counsel was not ineffective for failing to disclose evidence of alleged prior false allegations made by the victim against Brown. Evid.R. 608(B) provides:

Specific instances of the conduct of a witness, for the purpose of attacking or supporting the witness's character for truthfulness, other than conviction of crime as provided in Evid.R. 609, may not be proved by extrinsic evidence. They may, however, in the discretion of the court, if clearly probative of truthfulness or untruthfulness, be inquired into on cross-examination of the witness (1) concerning the witness's character for truthfulness or untruthfulness, or (2) concerning the character for truthfulness or untruthfulness of another witness as to which character the witness being cross-examined has testified.

{¶ 40} As noted above, the extrinsic evidence was not proffered and consequently is not before us. Without being able to review the evidence, we cannot determine whether the extrinsic evidence would have been "clearly probative" in order to comply with the rule and cannot determine if Brown was prejudiced.

{¶ 41} Brown's fourth assignment of error is overruled.

### E. Cumulative Error

{¶ 42} In his final assignment of error, appellant contends that even if the individual assigned errors do not constitute cause for reversal, the cumulative effect of all of the errors deprived him of his right to a fair trial.

Under the doctrine of cumulative error, a conviction will be reversed when the cumulative effect of errors in a trial deprives a defendant of the constitutional right to a fair trial even though each of the errors does not individually constitute cause for reversal. *State v. Hunter*, 131 Ohio St.3d 67, 2011-Ohio-6524, 960 N.E.2d 955, ¶ 132; *State v. Garner*, 74 Ohio St.3d 49, 64, 1995-Ohio[-]168, 656 N.E.2d 623 (1995). However, the doctrine of cumulative error is inapplicable when the alleged errors are found to be harmless or nonexistent. *Id.*; *State v. Brown*, 100 Ohio St.3d 51, 2003-Ohio-5059, 796 N.E.2d 506, ¶ 48.

*State v. Shine*, 2018-Ohio-1972, ¶ 141 (8th Dist.).

{¶ 43} Because we have determined that none of Brown's assigned errors have merit, there can be no cumulative error, and appellant's final assignment of error is overruled.

{¶ 44} All of Brown's assignments of error are overruled, and the judgment of the trial court is affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the municipal court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

---

EILEEN T. GALLAGHER, PRESIDING JUDGE

EMANUELLA D. GROVES, J., and
DEENA R. CALABRESE, J., CONCUR